J. Ochoa & Hermano, Demandantes y Apelantes, *v.* José González Clemente & Co., Demandáda y Apelada.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

No. 2460.—Resuelto en julio 29, 1921.

Principal—Agente—Causa de Acción—Demanda Insuficiente.—Cuando ejercitando una causa de acción que tiene su representado, el agente no la establece a nombre de aquél como demandante sino a su propio nombre, el defecto no es de partes sino de falta de causa de acción y la demanda no es susceptible de ser enmendada.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. J. Sabater y S. Suau.*

Abogados de la apelada: *Sres. Benet & Souffront.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

De la demanda que consta en los autos sometidos a nuestra consideración aparece que J. Ochoa y Hermano son agentes generales en Puerto Rico de Morris & Co., y que J. Ochoa & Hermano, actuando como tales agentes generales, vendieron mercancías a J. González Clemente y Cía. Alegando que ellos dejaron de pagar por la mercancía fué establecida una

acción contra J. González Clemente & Cía. en la Corte de Distrito de Mayagüez. El pleito, sin embargo, se estableció no a nombre de los verdaderos obligados o principales, Morris & Co., sino a nombre de J. Ochoa & Hermano, los agentes. La demanda se titula J. Ochoa y Hermano, como agentes generales de Morris & Co., y empieza dicha demanda diciendo ''Comparecen los demandantes J. Ochoa & Hermano,'' y por lo menos dos veces más se designa en dicha alegación o describe a J. Ochoa & Hermano como los demandantes. Aunque el contrato fué necesariamente entre González Clemente y Morris & Co., es J. Ochoa y Hermano quien alega un derecho de acción y establece este pleito. Por tanto, cuando los demandados formularon una excepción previa general, la corte declaró con lugar la excepción previa por falta de causa de acción en J. Ochoa y Hermano, los alegados demandantes.

La excepción previa fué discutida por ambas partes y en la vista los demandantes no propusieron enmiendas. La corte no les concedió permiso para enmendar. Los demandados comparecieron ante la corte y solicitaron se dictara sentencia exponiendo los hechos y alegando que la demanda no era susceptible de enmienda. La corte estuvo conforme con ellos y dictó sentencia en enero 12, 1921. La apelación es contra esa sentencia.

En los documentos remitidos a esta corte, entre la moción solicitando sentencia y la sentencia misma hay uno denominado ''Demanda Enmendada,'' pero no hay nada que indique la fecha de su radicación o que se llamara la atención de la corte respecto a ella. Como también creemos que la demanda no era susceptible de enmienda, la radicación o no radicación de esta demanda enmendada no desempeña gran papel, pues parecería que como la apelación se interpone contra la sentencia únicamente estamos limitados a revisar los documentos que se encuentran debidamente ante la corte y conducentes a dicha sentencia.

No hay discusión formal por parte de los apelantes respecto a si la demanda era o no excepcionable. Sostienen ellos sustancialmente, sin embargo, que el defecto era de falta de partes y no de falta de causa de acción. Los apelados contestan esto de varios modos. Uno de ellos es el argumento conocido en lógica por *redutio ad absurdum*. Pero admiten primero que por la radicación de una excepción previa general los demandados hubieran técnicamente renunciado al derecho a oponerse a un defecto de partes. Los apelados dicen entonces que si la demanda hubiera de prevalecer y los demandados tuvieran una causa de acción dichos demandantes podrían tratar de obtener sentencia y ejecución contra los demandados mientras el derecho de acción de Morris & Co. aún subsistiría.

Pero los apelados dicen también con acierto que de la faz de la demanda aparece que el único demandante descrito en ella no tenía causa de acción contra los demandados, que la demanda fué establecida bajo la responsabilidad del demandante descrito en ella y no de ninguna otra persona, que el artículo 51 del Código de Enjuiciamiento Civil prescribe que toda acción debe establecerse a nombre de la persona realmente interesada; que cuando hay un solo demandante difícilmente podría ser oído para expresar que había un defecto de partes cuando aparecía que la causa de acción alegada había sido establecida por una persona que no tenía derecho a ella y que siendo tal firma demandante equivocada la única persona ante la corte no tenía derecho a solicitar que alguna otra persona le substituyera. Podríamos agregar aquí que en ninguna parte del procedimiento aparece que Morris & Co. estén solicitando nada o hayan autorizado a alguna persona a comparecer por ellos, sino que es siempre J. Ochoa y Hermano quien comparece.

Después de la sentencia los demandantes presentaron una moción de reconsideración pero temiendo perder su derecho

apelaron antes de que la corte resolviera sobre la moción. Por tanto esta moción no se encuentra debidamente ante nos. Convenimos, sin embargo, con la corte inferior en que la demanda no era susceptible de enmienda y además, aún suponiendo que haya algún medio de poder substituir a los principales por los agentes, aún así deben ser los principales quienes bajo su propia responsabilidad comparezcan ante la corte y hagan suya esta causa de acción. La moción de reconsideración, lo mismo que la demanda, fué solamente presentada por J. Ochoa y Hermano.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.