INSULAR MOTOR CORPORATION, peticionaria, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. DOMINGO SEPÚLVEDA, JUEZ, demandada.

No. 716.—*Sometido:* Mayo 19, 1930. *Resuelto:* Junio 5, 1930.

*William Guzmán,* abogado de la peticionaria; *Oscar Souffront,* abogado del tercerista.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En este caso la Insular Motor Corporation demandó en la Corte de Distrito de San Juan a Hipólito López y a Monserrate Camacho en cobro de pagarés y por vía de aseguramiento de la sentencia obtuvo una orden de embargo de bienes de los demandados, situados en Mayagüez, previa prestación de una fianza por mil dólares. Prestada la fianza se libró el mandamiento dirigido al márshal del distrito de Mayagüez y éste lo cumplimentó embargando todo derecho, título e interés que los demandados tuvieran a un automóvil marca Graham Paige y a otro marca Buick.

Así las cosas, Pedro M. Nieva presentóse ante el márshal del distrito de Mayagüez y bajo juramento alegó que el automóvil marca Buick embargado era de su exclusiva propiedad y habiendo prestado una fianza por el doble del valor del automóvil, el márshal le hizo entrega del mismo.

El márshal envió entonces la petición jurada de Nieva y la fianza a la Corte de Distrito de San Juan y seguidamente Nieva archivó en dicha corte una moción solicitando el traslado de la tercería a la de Mayagüez invocando la sección 8ª. de la ley sobre la materia. Se opuso la demandante en el pleito en que se decretó la orden de embargo invocando a su vez la propia ley, y la corte de distrito de San Juan decidió la controversia en pro del tercerista. La demandante se

dirigió entonces a este Tribunal Supremo por medio del presente recurso de *certiorari*. El auto fué expedido y las partes interesadas archivaron sus alegatos.

La sección 17 de la ley sobre tercería dice: "La Corte que dictare la orden tendrá competencia para conocer del procedimiento en los casos de tercería" y la 18 de modo terminante agrega: "Será competente para conocer de los juicios de tercería, la corte que tenga jurisdicción en el asunto en que se haya decretado la orden a que se refiere la tercería."

Si ésas fueran las únicas disposiciones de la ley, tendría razón la peticionaria. Pero existen además las secciones 8 y 9 que prescriben:

"Sección 8. Cuando una persona reclamare bienes muebles, prestando el juramento y constituyendo la fianza, de acuerdo con lo dispuesto en la presente, si la orden de embargo hubiere sido librada por la corte de un distrito distinto de aquel en que se ejecutare el embargo, entonces el agente que hubiere tomado el juramento, y recibido la fianza, consignará al dorso de ésta el valor de la propiedad, según su propia tasación y remitirá inmediatamente la fianza y juramento, acompañados de una copia de la orden, a la corte de distrito donde se ejecutare el embargo, que tuviere competencia según se dispone más adelante.

"Sección 9.—El márshal u otro agente que hubiere recibido la fianza, también consignará al dorso de la orden original el hecho de haberse presentado dicha reclamación, bajo juramento y fianza, con expresión del reclamante y nombres de los fiadores, así como de la corte a que fuere remitida la fianza, y acto seguido devolverá dicha orden original a la corte que la hubiere librado."

Presentan estas secciones el caso especial en que la corte que conoce del pleito en que se libra la orden de embargo, no traba bienes radicados en su distrito, sino fuera de su distrito.

Es cierto que no disponen de modo expreso que la corte del distrito en que se traba el embargo sea la competente para conocer de la tercería y que las palabras finales de la sección 8 "que tuviere competencia según se dispone más

adelante,'' introducen confusión, pues en verdad lo que más adelante se dispone es lo que ya hemos consignado, a saber: que la competencia corresponde a la corte que tenga jurisdicción en el asunto en que se haya decretado la orden de embargo; pero ¿a qué disponer la ley que ''el agente que hubiere tomado el juramento, y recibido la fianza, consignará al dorso de ésta el valor de la propiedad, según su propia tasación, *y remitirá inmediatamente la fianza y juramento acompañados de una copia de la orden, a la corte de distrito donde se ejecutare el embargo,''* si no es para que dicha corte sea la que conozca del pleito de tercería?

Estudiadas cuidadosamente las dos secciones se ve que fijan por completo todo lo que debe hacerse en el caso especial a que se refieren, así: Entablado un pleito en el distrito A, el demandante para asegurar la efectividad de la sentencia que pueda dictarse pide que se embarguen bienes del demandado situados en el distrito B. La corte accede, previa prestación de fianza, en su caso. El demandante presta la fianza. Entonces se libra mandamiento para ejecutar el embargo, dirigido al márshal del distrito B. El márshal ejecuta el embargo de bienes que le señala el demandante como del demandado. Una tercera persona comparece ante él y, por escrito, bajo juramento, alega que los bienes embargados son de su propiedad. El márshal tasa los bienes y si el tercero presta una fianza por el doble de la tasación, se los entrega.

¿Qué hace entonces el márshal? Remite inmediatamente la fianza y juramento y una copia de la orden de embargo a la corte de distrito donde se ejecute el embargo, o sea la del distrito B, y consigna al dorso de la orden original el hecho de haberse presentado la reclamación por un tercero, bajo juramento y fianza, con expresión de los nombres del reclamante y fiadores y del de la corte a que fuere remitida la fianza, y acto seguido devuelve la orden original a la corte que la hubiere librado o sea a la del distrito A, que queda así enterada de lo sucedido.

Parece y es lo lógico que el pleito de tercería se tramite en la misma corte en que se tramita el pleito principal. De ahí las secciones 17 y 18 de la ley. Pero ello tiene lugar cuando el bien embargado y reclamado por un tercero radica en el mismo distrito. Si radica en otro distrito, surge el caso especial regulado por las secciones 8 y 9 de la ley.

Analizada la totalidad de la ley, se verá que la tercería constituye un caso separado que tiene vida por sí mismo y se resuelve con entera independencia de aquel en que se dictó la orden de embargo. De ahí que no haya dificultad que un tribunal distinto del que libre la orden de embargo pueda conocer del procedimiento.

*Por virtud de todo lo expuesto, debe anularse el auto expedido y devolverse los autos a la Corte de Distrito de San Juan.*

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. TEXIDOR

Disiento de la opinión de la mayoría por entender que la sección 18 de la ley sobre el procedimiento de tercería, fija la competencia para conocer de los juicios de tercería en la corte con jurisdicción en el asunto en que se decretó la orden a que se refiere la tercería. Si la orden de cuyo cumplimiento surge la tercería fué dictada por la Corte de Distrito de San Juan, con jurisdicción sobre el caso, esa corte es la competente para decidir la tercería.

Por esta razón entiendo debe declararse con lugar la petición de *certiorari*.