Dolores Herrero, demandante y apelante, *v.* Aboy, Vidal & Co., Inc., y Arturo Gallardo, demandados y apelados.

No. 5399.—*Sometido:* Mayo 22, 1931. *Resuelto:* Mayo 27, 1931.

*Arturo Aponte,* abogado del apelante; *L. Vergne Ortiz* y *R. A. Arroyo Ríos,* abogados de los apelados expresados, respectivamente.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Aboy, Vidal & Co. entabló acción en la Corte Municipal de San Juan contra Arturo Gallardo, y obtuvo mandamiento de embargo dirigido al márshal de la Corte Municipal de Carolina, quien practicó la traba en cierto ganado en ese municipio. Doña Dolores Herrero reclamó la propiedad embargada, y al presentar los documentos acostumbrados obtuvo la posesión de la misma. El márshal, en vez de archivar esos documentos en la Corte Municipal de Carolina, los remitió con su diligenciamiento a la de San Juan. El secretario de la Corte Municipal de San Juan entonces notificó a la reclamante y a las partes en el pleito original que los papeles habían sido radicados en esa corte. Luego el juez de la Corte Municipal de San Juan ordenó que se formalizara la cuestión por escrito, y concedió a la reclamante diez días para presentar su petición. La reclamante no hizo ges-

tión posterior alguna. Más tarde su instancia fué desestimada por abandono.

La corte de distrito desestimó una apelación por frívola, porque, en ausencia de alegaciones en la corte municipal, nada había sobre qué basar un juicio *de novo*.

La sección 3 de la "Ley para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles", (Estatutos Revisados, sección 5334) lee en parte así:

"... . Al anunciarse la vista de la apelación el tribunal, a instancia del apelante revisará y tomará en consideración cualesquiera providencias, resoluciones o autos por los cuales se creyere aquél perjudicado. Resueltas que fueren estas cuestiones, se procederá a la vista de la causa, a menos que la corte estimare que la demanda o contestación está sujeta a excepción previa, y en tal caso, la corte, a su arbitrio, podrá permitir que se enmiende dicha demanda o contestación. Una vez dispuesto el pleito para la vista, se tramitará como nuevo juicio. ... ."

Bajo esta sección, creemos que la corte de distrito tiene poder para oír y determinar cualquier cuestión de derecho dirigida a la jurisdicción de la corte, y para revocar la sentencia de esa corte por falta de jurisdicción, sin necesidad de un juicio *de novo*. Este punto no se presentó ni decidió en *Muriente* v. *Terrasa*, 22 D.P.R. 738, citado por el juez de distrito. Es bueno agregar que ninguna cuestión de tal naturaleza se suscitó bien en la corte municipal o en la de distrito, pero la apelante no estaba obligada a exponer el fundamento de su recurso antes de que el caso fuera llamado en la corte de distrito.

La apelante sostiene ahora que la Corte Municipal de San Juan carecía de jurisdicción para juzgar la cuestión del título a los bienes embargados en otro municipio. El caso de *Insular Motor Corporation* v. *La Corte de Distrito*, 41 D.P.R. 126, parece ser decisivo de esta cuestión. De todas formas, la corte de distrito erró al desestimar por frívola la apelación procedente de la corte municipal.

*Debe revocarse la sentencia apelada.*