ALEX·J. HAMRAH Co., INC., peticionaria, *v.* CORTE DE DISTRITO DE MAYAGÜEZ, HON. CHARLES E. FOOTE, JUEZ, demandada.

No. 715.—*Sometido:* Mayo 19, 1930. *Resuelto:* Junio 5, 1931.

*E. Báez García,* abogado de la peticionaria; *José Sabater,* abogado del demandante en el pleito principal.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

■ Este es un caso en el cual la peticionaria se basó en la opinión emitida por este tribunal en el caso de *J. Ochoa & Hno.* v. *González-Clemente*, 29 D.P.R. 1015, para sostener tanto que un agente de una compañía de seguros podía instituir una acción de cobro de primas a su propio nombre, como que la corte carecía de facultad para permitir una enmienda en que el agente demandante alegaba haber pagado a la compañía aseguradora las primas adeudadas por la demandada.

En la demanda enmendada se alegaban entre otras cosas, que la parte demandada había ordenado ciertas pólizas al demandante, que fueron entregadas conforme habían sido ordenadas; que las pólizas fueron canceladas posteriormente, quedando la demandada adeudando un saldo de $251.84; que el demandante pagó la suma principal a la compañía de seguros contra incendios y que aquél se subrogó por la suma adeudada.

La demandada se opuso a la enmienda y entre otras defensas se fundaba en la incapacidad de un agente para instituir un procedimiento a nombre propio.

La corte resolvió que el demandante de conformidad con el artículo 1126 del Código Civil se subrogó en los derechos de la compañía. La prueba no está ante nosotros y puede presumirse concluyentemente que el agente pagó las primas a la compañía.

El artículo 1126, *supra,* provee lo siguiente:

"Puede hacer el pago cualquiera persona, tenga o no interés en el cumplimiento de la obligación, ya lo conozca y lo apruebe, o ya lo ignore el deudor.

"El que pagare por cuenta de otro podrá reclamar del deudor lo que hubiese pagado, a no haberlo hecho contra su expresa voluntad.

"En este caso sólo podrá repetir del deudor aquello en que le hubiera sido útil el pago."

Desde luego, no hay prueba de que la demandada opusiera

·objeción alguna al pago efectuado a la compañía por el agente. Por tanto, el artículo 1126 es claramente aplicable. Manresa, tomo 8, pág. 261, sostiene la conclusión de la corte. El caso de *Peñagarícano* v. *Llenza et al.,* resuelto en mayo 18, 1931 (pág. 214), presenta un aspecto más fuerte de un pago voluntario.

El caso de *Ochoa* v. *González-Clemente, supra,* puede distinguirse fácilmente. Allí el agente trató de demandar a nombre propio sin haber dado paso alguno para que la reclamación fuera suya mediante subrogación o en alguna otra forma. ‹ En el presente caso el agente adquirió el título de la causa de acción.

 Tenemos alguna idea de que cuando un asegurado ordena la expedición de ciertas pólizas a un agente de seguros y éste extiende un crédito al asegurado, que surgiría también una causa de acción, pero es innecesario resolver tal cuestión en el presente recurso.

 El introducir la enmienda no alteró la causa de acción sino que solamente subsanó un defecto en las alegaciones de la demanda original.

*Debe anularse el auto expedido.*