FELIPE MIRANDA, tercerista y apelado, *v.* JOSÉ DÍAZ MIRÓ y CARMELO PAGÁN, demandados y apelante el primero.

No. 6049.—*Sometido:* Febrero 6, 1935. *Resuelto:* Febrero 15, 1935.

 

*Dubón & Ochoteco,* abogados del apelante; *Martínez Nadal & Martínez Rivera,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En octubre de 1931 José Díaz Miró inició en la Corte de Distrito de San Juan una acción contra Carmelo Pagán en cobro de la cantidad de $848.59 y solicitó y obtuvo una orden decretando el aseguramiento de la efectividad de la sentencia que en su día hubiera podido recaer a su favor, habiéndose ordenado que por el márshal de la Corte de Distrito de Humacao se procediera al embargo de bienes del demandado en cantidad suficiente para responder de la suma reclamada en la demanda, con intereses, costas, gastos y honorarios de abogado. En cumplimiento de esta orden el márshal de la Corte de Distrito de Humacao procedió a embargar y embargó en el pueblo de Juncos, como de la propiedad del citado Carmelo Pagán, entre otros bienes, un automóvil "Ford". En noviembre de 1931 Felipe Miranda reclamó como de su propiedad el referido automóvil y presentó al márshal de la Corte de Distrito de Humacao el correspondiente escrito bajo juramento acompañado de una fianza suscrita por dos fiadores. El referido funcionario entregó al tercerista Felipe Miranda el automóvil reclamado, que fué valorado en la suma de $250. El escrito y la fianza fueron radicados por el márshal en la Secretaría de la Corte de Distrito de Humacao, habiendo el secretario de la citada corte notificado a todas las partes la radicación de dichos documentos a los efectos procedentes. El demandante en el pleito principal, José Díaz Miró, hizo constar su comparecencia en dicho procedimiento, pero no así

ninguna de las otras partes, y en vista de ello, con fecha 22 de diciembre de 1931, el referido José Díaz Miró radicó ante la Corte de Distrito de Humacao una moción solicitando que se dictara sentencia desestimando la reclamación del tercerista y se le condenara a restituir al márshal de la Corte de Distrito de Humacao los bienes objeto de su reclamación y, de no hacerlo así, que se condenara a dicho tercerista y a sus fiadores a pagar el valor del vehículo reclamado. Resolviendo dicha moción, la Corte de Distrito de Humacao, con fecha 26 de enero de 1932, dictó sentencia desestimando la reclamación del tercerista y ordenando la restitución al márshal del referido vehículo, con los demás pronunciamientos autorizados por la ley que regula el procedimiento para los casos de tercería de bienes muebles e inmuebles. Solicitó el tercerista la reconsideración de esta sentencia, entre otras razones, por entender que la Corte de Distrito de Humacao carecía de jurisdicción en el asunto y no tenía poder para pronunciar la sentencia dictada, ya que el automóvil objeto de la tercería tenía un valor de $250, no siendo la corte de distrito, sino la Corte Municipal de San Lorenzo, la que debía entender en el asunto por haber sido embargado el automóvil en el pueblo de Juncos, dentro de la jurisdicción de la citada corte municipal. Se opuso el apelante a la petición del tercerista, y, declarada con lugar la referida moción, se dejó sin efecto la sentencia dictada en 26 de enero de 1932 y se ordenó al secretario la devolución al márshal de los documentos que le fueron entregados, para ser remitidos a la corte de distrito del distrito judicial municipal en que se hubiera practicado el embargo, por ser la corte competente para entender en el caso.

Apeló de esta resolución el demandante en la acción principal, José Díaz Miró, atribuyendo a la corte inferior el error de haber declarado que carecía de jurisdicción o competencia para entender en el asunto y que era la Corte Municipal de San Lorenzo el tribunal competente.

■■ Arguye el apelante que el artículo 18 de la ley de

tercería fija, de una manera clara y terminante, la competencia para conocer de los juicios de tercería en la corte con jurisdicción en el asunto o pleito principal donde se decretó la orden de embargo y entiende que, habiéndose trabado el embargo del automóvil dentro del distrito de Humacao en un pleito cuya reclamación asciende a $848.59, es la Corte de Distrito de Humacao, y no la Municipal de San Lorenzo, la que tiene competencia para tramitar y decidir el juicio de tercería.

Este tribunal, en el caso de *Insular Motor Corporation* v. *Corte,* 41 D.P.R. 126, luego de comentar las diversas disposiciones de la ley de tercería relacionadas con la competencia de los tribunales llamados a actuar para decidir la reclamación de un tercero sobre la propiedad embargada, dice que los artículos 17 y 18 de la ley deben aplicarse cuando el bien embargado por un tercero radique en el mismo distrito en que se decretó el embargo; pero que si ese bien radica en otro distrito, surge el caso especial de los artículos 8 y 9 de la referida ley. Refiriéndose a estos artículos, dijo esta corte en el caso citado:

"Es cierto que no disponen de modo expreso que la Corte de Distrito en que se traba el embargo sea la competente para conocer de la tercería y que las palabras finales de la sección 8 'que tuviere competencia según se dispone más adelante,' introducen confusión, pues en verdad lo que más adelante se dispone es lo que ya hemos consignado, a saber: que la competencia corresponde a la corte que tenga jurisdicción en el asunto en que se haya decretado la orden de embargo; pero ¿a qué disponer la ley que 'el agente que hubiere tomado el juramento, y recibido la fianza, consignará al dorso de ésta el valor de la propiedad, según su propia tasación, *y remitirá inmediatamente la fianza y juramento acompañados de una copia de la orden, a la corte de distrito donde se ejecutare el embargo,*' si no es para que dicha corte sea la que conozca del pleito de tercería?"

En el caso de autos el automóvil objeto de la tercería fué valorado en $250. La única duda que puede surgir con respecto a la corte que debe intervenir para resolver la reclamación del tercerista, es el valor del bien embargado. La

ley de tercería no fija claramente el .tribunal que debe inter-venir cuando el embargo se ejecuta fuera del distrito judicial donde se originó el pleito principal. Esta corte ha procurado aclarar el texto de esa ley sobre este particular, que resulta complicado y confuso, para armonizar sus diversas disposiciones. Con estas miras fué que decidimos en *Insular Motor Corporation* v. *Corte,* supra, que la tercería debe resolverse en el distrito donde se ejecutare el embargo. Cuando el pleito principal se inicia en una corte de distrito no hay duda de que si el embargo se traba en el mismo ·distrito, el tribunal llamado a resolver la tercería es aquél donde se promovió la acción principal, cualquiera que sea la cuantía de los bienes embargados. El mismo procedimiento debe seguirse cuando esos bienes radiquen en otro distrito, irrespectivamente de la cuantía. Es decir, en este caso debe resolver la tercería la corte de distrito donde se ejecutare el embargo. Además, la ley dispone que el juramento y la fianza se remitirán a la corte de distrito donde se ejecutare el embargo. Las palabras ''corte de distrito'' en su acepción corriente significan una corte de distrito de jurisdicción general. Y la corte de distrito donde se ejecutó el embargo en este caso es la Corte de Distrito de Humacao.

*Debe revocarse la resolución apelada.*