Joaquín Alvarez, peticionario, *v.* Corte de Distrito de San Juan, Hon. R. H. Todd, Jr., Juez, demandada.

Núm. 1219.—*Sometido:* Noviembre 6, 1940. *Resuelto:* Noviembre 14, 1940.

*Edelmiro Martínez Rivera,* abogado del peticionario; *Virgilio Brunet,* abogado del interventor, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Antonio R. Hernández, alegando ser dueño de cierta finca urbana, arrendó un apartamiento de la misma a Alfonso Castañer por el canon de $28.75 mensuales, constituyéndose Joaquín Alvarez en fiador solidario de la obligación contraída por Castañer. Dejó este último de pagar cánones montantes a $163.20 y la acción de desahucio a que dió lugar costó al arrendador la cantidad de $7, por lo que el demandante instituyó este pleito en la Corte Municipal de San Juan contra el inquilino y su fiador, en reclamación de la suma total por ellos adeudada, ascendente a $170.20. La corte municipal dictó sentencia en rebeldía contra el inquilino Castañer, y en cuanto a su fiador, Alvarez, desestimó la demanda. Apeló el demandante para ante la corte de distrito, radicando la transcripción de autos en dicho tribunal el 9 de marzo de 1940. El día 15 del mismo mes era el señalado para lectura de calendario general y el demandante apelante, el 14 de marzo, radicó un escrito interesando, no que se incluyese el caso en el calendario que iba a leerse el día siguiente, sino que se señalase el juicio para el 21 del mismo mes de marzo. No aparece de los autos que la corte dictase providencia alguna en relación con la moción del apelante, pero sí aparece que en 5 de abril siguiente volvió el apelante a radicar otro escrito, solicitando entonces que el caso fuese incluído en el calendario general que había de leerse el 15 de dicho

mes, señalándose entonces el juicio para el 15 de mayo siguiente. Llegado ese día, el demandado apelado, Alvarez, presentó una moción para que se desestimase la apelación por no haberse solicitado la inclusión del caso en el calendario que se leyó el 15 de marzo de 1940. Desestimada la moción, se procedió a la celebración del juicio en sus méritos, recayendo sentencia a favor del demandante apelante Hernández.

No siendo apelable la sentencia por razón de la cuantía, interpuso Alvarez este recurso de *certiorari,* basado en los siguientes motivos:

A. En dejarse de desestimar la apelación por no haberse incluído el caso en el calendario que fué leído el 15 de marzo de 1940; y

B. En haber dictado sentencia a favor del demandante a pesar de que de la prueba resultó que éste no era dueño, sino administrador, de la finca arrendada, invocando el peticionario el caso de *J. Ochoa & Hno.* v. *J. González Clemente & Co.,* 29 D.P.R. 1015.

Consideraremos separadamente las dos cuestiones suscitadas por el peticionario.

Conforme hemos consignado, si bien el apelante no solicitó que el caso fuese incluído en el calendario correspondiente al 15 de marzo, sin embargo con anterioridad a dicha fecha solicitó que el caso fuese señalado para el 21 de marzo, o sea para una fecha anterior a la que de cualquier modo le hubiese correspondido en el caso de que se hubiese incluído en el calendario y se hubiese señalado para juicio, pues de acuerdo con las reglas de la Corte de Distrito de San Juan, el calendario que se lee el 15 de cada mes es el de los casos que se señalan para el mes siguiente. Ninguna gestión hizo entonces el apelado para que se desestimase la apelación, solicitando el apelante el 5 de abril de 1940 que su caso fuese incluído en el próximo calendario que había de leerse diez días después, señalándose entonces el caso para el 15 de mayo siguiente, en cuya fecha fué que el apelado solicitó por primera vez la desestimación del recurso.

El propósito del legislador al insertar la sección 3–a en la ley que regula las apelaciones contra sentencias de las cortes municipales, no fué otro que obligar al apelante a proseguir su apelación con la debida diligencia, evitando así, que careciendo éste de interés en el resultado del recurso, no solicite inclusión en el calendario y obligue al apelado a pagar por él los derechos de la apelación para poder llevar el caso adelante. No es el propósito de dicho precepto legal restringir el recurso de apelación, sino por el contrario acelerarlo, y aunque aceptamos que la sección 3–a es de carácter imperativo, sostenemos que el requisito de incluir el caso en el calendario no es de naturaleza jurisdiccional, por lo que habiendo cumplido sustancialmente el apelante con las prescripciones del estatuto al pagar los derechos de calendario y pedir que el caso fuese señalado para el 21 de marzo, no cometió error la corte sentenciadora al negarse a desestimar la apelación.

El caso de *Marrero* v. *Muller,* 35 D.P.R. 369, en que se desestimó el recurso a moción del apelado después de haberse incluído el caso en un calendario posterior al primero que se leyó después de radicarse los autos en la corte de distrito, se distingue del presente en que allí el apelante no había hecho gestión alguna en relación con la lectura del primer calendario, diciéndose entonces por este tribunal al confirmar la sentencia que desestimó la apelación:

"Él pudo (el apelante) haber evitado toda cuestión pidiendo al secretario que incluyera su caso en la primera lectura del calendario, *o tomando alguna otra medida adecuada.*"

Pasando ahora a la segunda cuestión, y asumiendo sin aceptarlo que la misma puede ser suscitada dentro de un recurso de *certiorari,* el supuesto error en realidad no existe.

Al celebrar el contrato con el apelado, el apelante lo hizo en su carácter de dueño de la finca y en el mismo concepto estableció su acción. El apelado expresamente aceptó ese hecho en su contestación a la demanda, y si de la prueba resultó luego que el demandante apelante no era tal dueño,

sino administrador, es éste un hecho del cual no debe derivar beneficio alguno el apelado, después de haber recibido los beneficios del contrato. El convenio o entendido que pueda existir entre el demandante apelante y el verdadero dueño de la propiedad no es cosa que incumba al apelado, cuyo deber es cumplir la obligación que contrajo a favor del apelante. El caso de *J. Ochoa & Hno.* v. *González Clemente,* supra, es distinto del que nos ocupa. Allí la firma J. Ochoa & Hno., en su carácter de agente general de Morris & Co., contrató con González Clemente. Luego al exigir el cumplimiento de la obligación en que incurrió González Clemente, quien demandó no fué la parte realmente interesada, o sea Morris & Co., sino el agente J. Ochoa & Hno., con lo que infringió el artículo 51 del Código de Enjuiciamiento Civil, dispositivo de que la acción deberá ser ejercitada en nombre de la parte realmente interesada. En el caso de autos, la obligación se contrajo a favor del demandante apelante y por consiguiente es ésta la parte realmente interesada en su cumplimiento.

*Por los motivos expuestos, procede anular el auto expedido y devolver el caso a la corte de su procedencia para ulteriores procedimientos.*