MANUEL BERRÍOS VARGAS, menor representado por su madre DOMINGA VARGAS, demandante y apelante, *v.* LUZ MARÍA RIVERA, demandada y apelada.

Núm. 9467.—*Sometido:* Junio 11, 1947. *Resuelto:* Junio· 27, 1947.

*Faustino R. Aponte,* abogado del apelante; *Fernando Fornaris, Jr., y Mariano Acosta Velarde,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El demandante, menor representado por su madre, radicó ante la Corte Municipal de San Juan en 1ro. de julio de 1946 una demanda en cobro de dinero. Alegó que el padre de la

demandada murió bajo testamento en el cual instituyó a ésta como su única y universal heredera y albacea y le legó la suma de $500 al demandante; y que la demandada se ha apoderado de todos los bienes dejados por el causante y se ha negado a entregar al demandante los referidos $500. En la súplica solicita se dicte sentencia condenando a la demandada a pagarle $500, con intereses desde la radicación de la demanda, más las costas.

El día 9 de julio de 1946 la demandada radicó una moción solicitando la desestimación de la demanda fundada en que la misma dejaba de exponer hechos constitutivos de una causa de acción. El 23 de agosto la corte municipal declaró con lugar la moción de desestimación basándose en que carecía de jurisdicción por razón de la materia y de la cuantía envuelta. En 26 de agosto el demandante presentó una extensa moción solicitando se reconsiderase la resolución desestimando la demanda. La misma fué discutida el 5 de septiembre y declarada sin lugar el 21 de octubre.

El 30 de octubre el demandante apeló para ante la Corte de Distrito de San Juan. En 8 de noviembre el Secretario de la corte de distrito notificó a las partes la radicación del récord en dicha corte. En noviembre 14 el demandante presentó en la corte de distrito una moción solicitando que la moción radicada por la demandada el 9 de julio—la cual, como ya se ha indicado, fué presentada en la corte municipal y declarada con lugar por la misma—fuera discutida en la corte de distrito el 18 de noviembre. El demandante acompañó su moción de un sello de rentas internas por la cantidad de $5 para los derechos de calendario. En consonancia con esta petición, en noviembre 15, fecha en que la corte de distrito de San Juan hace los señalamientos para diciembre, se fijó para el 25 de noviembre la vista sobre la moción del demandante. El 19 de dicho mes el abogado del demandante radicó una moción informando que no podría comparecer a vista el 25 de noviembre y que sometía el caso, en cuanto a

la moción de desestimación del 9 de julio se refería, por los argumentos expuestos en la moción de reconsideración presentada en la corte municipal el 26 de agosto. Solicitaba se declarase sin lugar la moción de desestimación y se concediera a la demandada un término para contestar la demanda.

El 19 de noviembre la demandada solicitó se desestimara la apelación establecida por el demandante para ante la corte de distrito basada en que éste no cumplió con lo dispuesto por la Ley núm. 31, Leyes de Puerto Rico, 1934 (pág. 293), y solicitaba el señalamiento de la correspondiente vista para el día 25 de noviembre. En 21 de noviembre el demandante radicó una oposición a la moción para que se desestimara el recurso, en la que alegaba que el modo más apropiado para resolver el caso era el sugerido por él, ya que si la corte de distrito coincidía con la municipal en el sentido de que esta última carecía de jurisdicción, el caso quedaría definitivamente resuelto sin necesidad de ulterior vista; que él había actuado con mayor diligencia que si hubiera solicitado que el caso se incluyera en el calendario leído el 15 de noviembre, toda vez que en ese caso no se podía señalar la vista antes de diciembre; y que su actuación constituía un cumplimiento sustancial con la Ley núm. 31.

El 25 de noviembre se celebró ante la corte de distrito la vista de la moción radicada por la demandada para desestimar la apelación. La corte resolvió que la petición del demandante para que se señalara la moción de desestimación, radicada en la corte municipal, para ser vista en la corte de distrito era algo irregular e improcedente, y no constituía un cumplimiento sustancial con el requisito de la Ley núm. 31 en el sentido de que "El apelante deberá solicitar la inclusión del pleito en el calendario o lista de señalamientos civiles, en la primera lectura que del mismo haya de celebrarse subsiguientemente a la radicación del caso." En su consecuencia, la corte inferior declaró con lugar la moción para desestimar el recurso en vista de las disposiciones de la Ley

núm. 31 al efecto de que "Si el apelante dejase de solicitar la inclusión del pleito en el calendario, el juez de distrito declarará desierto el recurso . . ." El demandante apeló de la sentencia que desestimó la apelación por él interpuesta para ante la corte de distrito.

■■ Convenimos con el demandante apelante en que el haber solicitado, con anterioridad al 15 de noviembre, una vista relacionada con su moción de desestimación, y el haber satisfecho además, los derechos de calendario, constituían un cumplimiento sustancial con la Ley núm. 31, dentro del significado de esa ley según se interpretó en *Alvarez* v. *Corte de Distrito,* 57 D.P.R. 644. Resolvimos en el caso de *Alvarez* que una moción radicada con anterioridad a la lectura del calendario, solicitando señalamiento para fecha anterior a aquélla para la cual se hubiera fijado el juicio si el caso hubiese sido incluído en el calendario, más el pago de los derechos de arancel, constituía un cumplimiento sustancial de la Ley núm. 31.

No estamos de acuerdo con la demandada apelada en que el caso de *Alvarez* es distinguible, debido a que en este último la moción solicitaba una vista del caso propiamente dicho, mientras que aquí el demandante pedía solamente una vista de la moción de la demandada para que se desestimara la demanda. En el récord no hay contestación alguna, ya que la corte municipal declaró con lugar la moción para desestimar la demanda. En su consecuencia, el demandante creyó aconsejable dilucidar la cuestión de jurisdicción antes de que se señalara el caso en los méritos. De convenir la corte de distrito con la municipal, no sería necesaria actuación ulterior alguna por vía de contestación ni una vista en los méritos. De revocar la corte de distrito la resolución de la municipal y resolver por tanto que era necesario proceder a la resolución del caso en los méritos, hubiera habido que radicar una contestación, que tal vez dilataría la vista del caso. *Cf. Herrero* v. *Aboy, Vidal & Co., Inc.* 42 D.P.R. 339.

Admitimos que la actuación del demandante no era absolutamente necesaria. Una moción de desestimación no tiene que resolverse antes de que se solicite el señalamiento del caso, toda vez que la Ley núm. 31 dispone que esa moción puede considerarse, al igual que otras cosas, en el acto de la vista. *Rodríguez v. Banco Popular*, 57 D.P.R. 938, 940. Sin embargo, la actuación del demandante no fué ilógica. En verdad, redundaba más en interés de la demandada que del demandante, bajo las circunstancias de este caso, que la moción para desestimar fuera resuelta antes de exigirle a la demandada que contestara. Ni ésta ni la corte estaban, desde luego, obligadas a seguir el procedimiento solicitado por el demandante. Cualquiera de ellas pudo adoptar la posición de que el caso debía incluirse en el calendario regular, no empece la moción del demandante. Pero en ausencia de cualquier objeción de la corte o de la demandada, no podemos concluir que la actuación del demandante no constituyera un cumplimiento sustancial con la Ley núm. 31.

Tampoco hallamos que sea decisivo el hecho de que el demandante solicitara de la corte de distrito que oyera la moción para desestimar originalmente radicada ante la corte municipal. Esta fué la primera cuestión con que inevitablemente se confrontó la corte de distrito. En verdad, si las partes no levantaron esta cuestión jurisdiccional, era el deber de la corte examinarla *sua sponte*. Por tanto, procedía que el demandante llamara la atención de la corte de distrito hacia la moción y solicitara una decisión preliminar sobre la misma.

Resolvimos en el caso de *Rodríguez* que una solicitud para que se señalara una moción de desestimación, hecha *después* de la lectura del calendario, no constituía un cumplimiento sustancial con la ley en cuestión. Pero indicamos a la página 940 que cuando, como ocurre en este caso, tal solicitud se hace antes de la lectura del calendario, la contención del apelante "quizás tendría mérito." Resolvemos ahora que

tal contención es meritoria y que la actuación del apelante constituye un cumplimiento sustancial de la Ley núm. 31. Véase·*Sallaberry* v. *Mundo,* 58 D.P.R. 401.

*La sentencia de la corte de distrito será revocada y se devolverá el caso para ulteriores procedimientos no inconsistentes con esta opinión.*