W. I. Cox Co. Inc., peticionario, *v.* La Corte de Distrito de Humacao, Hon. Gabriel Castejón, Juez, y Jesús Amaral, demandados.

No. 548.—*Visto:* Enero 10, 1927. *Resuelto:* Enero 28, 1927.

Cortes—Cortes de Jurisdicción Original General—Cortes de Distrito—Apelación de las Cortes Municipales—Desestimación, Retiro y Abandono—Motivos Insuficientes para Desestimar.—Apelada sentencia de una corte municipal a la de distrito e incluído el pleito en el calendario, el hecho de no haberse solicitado el señalamiento de dicho pleito para juicio no es motivo para declarar desierto el recurso de apelación.

Certiorari para revisar resolución de *Gabriel Castejón,* J. (Humacao), declarando desierto recurso de apelación interpuesto para ante la corte de distrito en caso procedente de la corte municipal. *Anulada la resolución y devuelto el caso.*

R. *Castro Fernández,* abogado del peticionario; *González Fagundo & González Jr.,* abogados de la parte contraria.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

W. J. Cox & Co., Inc., estableció una apelación contra sentencia de la Corte Municipal de Humacao para ante la corte de aquel distrito e hizo que la apelación fuese incluída en el calendario de dicha corte. Posteriormente el apelado pidió a la corte de distrito que la apelación fuese desestimada porque el apelante no solicitó señalamiento de día para el juicio cuando fué leído el calendario y la corte, con la oposición del apelante, desestimó la apelación por entender que el apelante tenía no sólo el deber de hacer que su apelación fuese incluída en el calendario sino también el de solicitar el señalamiento para juicio pues aunque este último requisito no está expreso en la ley el espíritu de ella lo requiere para la brevedad en las apelaciones contra las sentencias de las cortes municipales. Contra esa resolución se interpuso este recurso de *certiorari*.

La Ley No. 93 para reglamentar las apelaciones contra sentencias de las cortes municipales, promulgada en 31 de marzo de 1919 (1917 (2) 17, Apéndice) y que es la pertinente en la materia, dice así en su sección 3ª, letra (*b*): ''Si el apelante dejase de solicitar la inclusión del pleito en el calendario, el juez de distrito declarará desierto el **recurso,** imponiéndole las costas; y el secretario remitirá inmediatamente la causa a la corte inferior para la ejecución de la sentencia apelada.

Esta disposición legal es clara en sus palabras y dispone que el juez de distrito declare desierto el recurso cuando el apelante dejase de incluir su pleito en el calendario por lo que de acuerdo con el artículo 13 del Código Civil no puede menospreciarse su letra para atender a su espíritu, y mucho menos para poner en la ley palabras o conceptos que no tiene, como en este caso en que disponiéndose en la ley que se declare desierto el recurso solamente cuando el apelante no solicita la inclusión del pleito en el calendario, la

corte inferior lo declaró desierto por otro motivo distinto, no expresado en la ley. Ni tampoco era ése el espíritu de la ley toda vez que incluído el pleito en el calendario estaba conseguida la rapidez en el procedimiento por cuanto cualquiera de las partes podía solicitar el señalamiento de día para juicio.

*Por los motivos expresados la resolución recurrida debe ser anulada y devolverse el caso para ulteriores procedimientos no incompatibles con esta opinión.*