JUAN y CONCEPCIÓN VARGAS, peticionarios, *v.* ENRIQUE S. MESTRE, JUEZ DE LA CORTE DE DISTRITO DEL DISTRITO JUDICIAL DE AGUADILLA, demandado.

No. 1038.—*Sometido:* Junio 24, 1935. *Resuelto:* Junio 28, 1935.

---

* NOTA: Véase el prefacio.

*Enrique Báez García,* abogado de los peticionarios; *José D. Rodríguez* y *Francisco Acevedo,* abogados del interventor, demandante en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

A solicitud de Juan y Concepción Vargas, por su abogado, se expidió un auto de *certiorari* en este caso para revisar una orden de la Corte de Distrito de Aguadilla negándose a desestimar la apelación interpuesta para ante ella en el pleito seguido en la Corte Municipal de Lares por Abdón Carrero contra Estanislao Vargas sobre cobro de dinero.

Los autos originales reclamados demuestran que la desestimación se pidió por la parte apelada basándose en lo dispuesto en la Ley No. 31 de 1934 (pág. 293), a saber, "que el apelante deberá solicitar la inclusión del pleito en el calendario o lista de señalamientos civiles, en la primera lectura que del mismo haya de celebrarse subsiguientemente a la radicación del caso" y en lo resuelto por esta Corte Suprema en *Guerra* v. *Carrión,* 47 D.P.R. 798, 800, respecto a la aplicación inmediata de dicha ley no sólo a los pleitos que se iniciaren a partir de su vigencia si que también a los ya iniciados.

Demuestran, además, los autos que en 11 de noviembre de 1932 la parte apelante solicitó la inclusión de su pleito en el calendario por medio de un escrito que lleva adherido un sello de cinco dólares.

Siendo ello así, no puede sostenerse que el apelante dejó de pedir la inclusión de su pleito en el calendario. No cabe

interpretar la Ley No. 31 de 1934, Leyes de 1934, pág. 293, en el sentido de exigir una nueva solicitud de inclusión. No. fué ésa la situación que surgió en el caso de *Guerra* v. *Carrión,* supra, ni en el de *Manrique* v. *Corte,* 48 D.P.R. 619 en los que se dió a dicha ley aplicación.

El hecho de que el apelante una vez incluído el pleito en el calendario no solicitara el señalamiento de la vista, no es motivo de desestimación de acuerdo con la ley invocada. Interpretando una ley anterior semejante, dijo esta corte en el caso de *W. I. Cox Co.* v. *Corte de Distrito de Humacao,* 36 D.P.R. 202, 203:

"La Ley No. 93 para reglamentar las apelaciones contra sentencias de las cortes municipales, promulgada en 31 de marzo de 1919 (1917 (2) 17, Apéndice) y que es la pertinente en la materia, dice así en su sección 3ª., letra (*b*): 'Si el apelante dejase de solicitar la inclusión del pleito en el calendario, el juez de distrito declarará desierto el recurso, imponiéndole las costas; y el secretario remitirá inmediatamente la causa a la corte inferior para la ejecución de la sentencia apelada.'

"Esta disposición legal es clara en sus palabras y dispone que el juez de distrito declare desierto el recurso cuando el apelante dejase de incluir su pleito en el calendario por lo que de acuerdo con el artículo 13 del Código Civil no puede menospreciarse su letra para atender a su espíritu, y mucho menos para poner en la ley palabras o conceptos que no tiene, como en este caso en que disponiéndose en la ley que se declare desierto el recurso solamente cuando el apelante no solicita la inclusión del pleito en el calendario, la corte inferior lo declaró desierto por otro motivo distinto, no expresado en la ley. Ni tampoco era ése el espíritu de la ley toda vez que incluído el pleito en el calendario estaba conseguida la rapidez en el procedimiento por cuanto cualquiera de las partes podía solicitar el señalamiento de día para juicio."

En tal virtud, siendo correcta la resolución de la corte de distrito, *debe anularse el auto expedido y devolverse el pleito a la misma para que continúe en ella tramitándose de acuerdo con la ley.*