JACK y MURRAY SCHWAB, personalmente y haciendo negocios bajo el nombre de SCHWAB. & SCHWAB, peticionarios y apelados, *v.* CORTE DE DISTRITO DE MAYAGÜEZ, HON. F. NAVARRO ORTIZ; JUEZ, demandada; y LUIS C. VARELA, personalmente y haciendo negocios bajo el nombre de BORINQUEN EMBROIDERY Co., demandado en el pleito principal y apelante.

Núm. 7879.—*Sometido:* Junio 6, 1939. *Resuelto:* Julio 3, 1939.

*A. Ramírez Silva,* abogado del apelante; *Harry M. Besosa,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

En este caso está envuelta la cuestión de si una parte que apela de la corte municipal para ante la de distrito solicitó o no que su recurso fuera incluído en el calendario de señalamientos civiles. En septiembre de 1938 se acudió ante el señor Juez Presidente de este tribunal, en su carácter de juez de turno, en solicitud de un auto de *certiorari.*

La sección 3 de la Ley núm. 31 de mayo 11, 1934, (Leyes de ese año, pág. 293), provee:

"(a) El secretario de la corte de distrito anotará la causa en el registro de acciones civiles, notificándolo a las partes interesadas. El apelante deberá solicitar la inclusión del pleito en el calendario o lista de señalamientos civiles, en la primera lectura que del mismo haya de celebrarse subsiguientemente a la radicación del caso. Al anunciarse la vista de la apelación, el tribunal, a instancia del apelante, revisará y tomará en consideración cualquiera providencia, resolución, auto u orden por los cuales se creyere éste perjudicado. Resueltas estas cuestiones se procederá a la vista de la causa tal como resulte de las alegaciones, a no ser que en virtud de excepción previa, permitiese el juez que fueren enmendadas la demanda o la contestación. Dispuesto así el pleito para la vista, se tramitará como nuevo juicio, rigiendo para el mismo todas las disposiciones y reglamentos judiciales aplicables a la vista de pleitos originalmente iniciados en la corte de distrito. (b) Si el apelante dejase de solicitar la inclusión del pleito en el calendario, el juez de distrito declarará desierto el recurso, imponiéndole las costas; y el secretario remitirá inmediatamente la causa a la corte inferior para la ejecución de la sentencia apelada."

El Sr. Juez Presidente consideró el recurso y, luego de citar de los casos de *Marrero* v. *Muller,* 35 D.P.R. 369, *Morales, Ramos & Co.* v. *Corte de Distrito et al.,* 35 D.P.R. 909, *Guerra* v. *Carrión,* 47 D.P.R. 798, *Manrique* v. *Corte de Distrito,* 48 D.P.R. 619, y *Cobián* v. *Espina,* 50 D.P.R. 185, resolvió que el apelante había dejado de solicitar en debida forma la inclusión del pleito en el calendario. El apelante sostuvo ante el señor Juez Presidente que no era necesario solicitar que el caso se incluyera en el calendario, puesto que los apelados habían pedido la desestimación del recurso y la moción no había sido aún resuelta. Dicha moción fué decidida el 23 de junio de 1938 y el demandado no fué notificado de ello hasta el día siguiente, cuando ya se había leído el calendario.

El señor Juez Presidente resolvió que el hecho de hallarse pendiente la referida moción no impedía al apelante solicitar que su caso fuese incluído en el calendario. Resolvió, en su

consecuencia, que el recurso debió haberse desestimado y dictó sentencia ordenando la devolución del caso a la Corte de Distrito de Mayagüez para que se declarara desierto.

En apelación para ante el tribunal en pleno, el apelante admite la aplicación general de la decisión del señor Juez Presidente y de los casos por él citados, pero sostiene que, debido a estar pendiente la aludida moción, el presente caso es excepcional.

El apelante, aun el mismo día que se leía o se iba a leer el calendario, es decir, el 23 de junio de 1938, hubiera tenido tiempo de solicitar se incluyera el caso en el mismo. La inclusión del caso en el calendario hubiera acelerado la resolución de la moción para desestimar presentada por los apelados. La misma ley indica esto. El apelante no hace caer su caso dentro de ninguna excepción.

*La sentencia del señor Juez Presidente de fecha 6 de octubre de 1938 debe ser confirmada.*

Los Jueces Presidente Sr. Del Toro y Asociado Sr. Travieso no intervinieron.