BORINQUEN MARRERO Ríos, demandante y apelado, *v.*
GUSTAV L. MULLER, demandado y apelante

No. 3817.—*Visto:* Marzo 11, 1926. *Resuelto:* Abril 28, 1926.

1. CORTES—CORTES DE DISTRITO—APELACIÓN DE LAS CORTES MUNICIPALES—CASOS
   CIVILES— CALENDARIO — INCLUSIÓN— OMISIÓN DE INCLUIRLOS Y EFECTO.—
   Cuando los documentos de apelación llegan a la corte de distrito antes de
   la fecha en que se lee un calendario y el apelante tiene la oportunidad de
   hacer que se incluya y no lo hace, procede desestimar la apelación inter-
   puesta aún cuando a la fecha de la desestimación el caso se haya incluido
   en otro calendario leído con posterioridad a aquél.
2. CORTES—CORTES DE DISTRITO—APELACIÓN DE LAS CORTES MUNICIPALES—CASOS
   CIVILES—CALENDARIO—LECTURA DEL MISMO—NOTIFICACIÓN AL APELANTE.—
   El secretario de la corte de distrito no tiene el deber de notificar al apelante
   de una corte municipal que habrá una lectura de calendario en determinado
   día.
3. CORTES—CORTES DE DISTRITO—APELACIONES DE LAS CORTES MUNICIPALES—CA-
   SOS CIVILES—CALENDARIO—INCLUSIÓN—PRECEPTOS ESTATUTORIOS E INTER-
   PRETACIÓN.—La inclusión de un caso apelado a la corte de distrito en el
   calendario es una de las gestiones necesarias por las cuales un apelante per-
   fecciona su apelación.

SENTENCIA de *Miguel A. Muñoz,* J. (San Juan), desestimando ape-
lación procedente de la Corte Municipal, con costas. *Confirmada.*
*Rafael Sanchó Bonet,* abogado del apelante; *Sebastián García Díaz,*
abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tri-
bunal.

Un apéndice a las leyes de 1917, promulgadas en virtud
de una resolución de esta corte de fecha 11 de marzo, 1919,
al tratar de las apelaciones de las cortes municipales a las
de distrito, prescribe lo siguiente:

"Sección 3.—(a) El Secretario de la Corte anotará la causa en
el registro de acciones civiles, notificándolo a las partes interesadas.
El apelante deberá solicitar la inclusión del pleito en el calendario
o lista de señalamientos civiles, en la primera lectura que del mismo
haya de celebrarse, subsiguientemente a la radicación del caso, etc.
   "(b) Si el apelante dejase de solicitar la inclusión del pleito
en el calendario, el Juez de Distrito declarará desierto el recurso,
imponiéndole las costas; y el Secretario remitirá inmediatamente la
causa a la corte inferior para la ejecución de la sentencia apelada."

En el presente caso la apelación interpuesta por el de-

mandado fué desestimada por la Corte de Distrito de San Juan por no haberse cumplido con la anterior sección.

[1] Cuando el caso fué desestimado ya había sido incluído en el calendario de octubre 5, 1925, pero la teoría de la corte y del apelado era que debió haberse incluído en el calendario que se leyó en agosto 13, 1925. No hay duda alguna de que los documentos de la apelación llegaron a la corte de distrito antes de dicha fecha en agosto y que el apelante tuvo la oportunidad en cuanto al tiempo de hacer que este caso fuera incluído en dicho calendario de agosto 13.

[2] Uno de los fundamentos de queja es que el demandado-apelante en la corte de distrito no fué notificado por el Secretario de la misma que habría una lectura del calendario. La regla de una corte de registro es que los abogados deben enterarse por sí mismos de las sesiones y actuaciones públicas de la corte, así como de la lectura del calendario. Las excepciones que indica la ley son las sentencias y ciertas mociones, pero en un caso corriente no se ha impuesto ningún deber al secretario de notificar al apelante de la corte municipal que habrá una lectura del calendario en determinado día.

[3] Insiste también el apelante en que como el caso había sido incluído en el calendario de octubre por el acto del secretario y la corte, el defecto original, si alguno hubo, quedó subsanado. Hemos tenido cierta duda respecto a si las prescripciones de esta ley de 1917 eran enteramente mandatorias, y a la vez si no permitían alguna discreción a la corte de distrito, pero en conjunto estamos convencidos de que la idea de la Legislatura fué que la inclusión en el calendario era una de las gestiones necesarias por las cuales un apelante perfeccionaba su apelación. El apelante no duda de que es el deber de la corte desestimar una apelación si el caso en realidad no ha sido incluído por no hacer el apelante tal solicitud. Por la teoría de tal deber imperativo de parte del apelante él estaba obligado a actuar inmediatamente. El pudo haber evitado toda cuestión pi-

diendo al secretario que incluyera su caso en la primera lectura del calendario, o tomando alguna otra medida adecuada. Sentimos la necesidad que había para la actuación en este caso, pero parece ser cuestión de *lex scripta,* una determinación específica de la Legislatura.

*Debe confirmarse la sentencia apelada.*