Morales, Ramos & Cía., peticionaria, *v.* La Corte de Distrito de Humacao, Hon. Gabriel Castejón, Juez y A. L. Clark & Cía., demandados.

No. 519.—*Visto:* Julio 12, 1926. *Resuelto:* Julio 29, 1926.

1. Cortes—Cortes de Distrito—Apelación de las Cortes Municipales—Desestimación—Omisión de Acompañar en Tiempo los Derechos para la Inclusión del Caso en Calendario.—Siendo la inclusión en calendario una gestión necesaria por la cual un apelante perfecciona su apelación para ante la corte de distrito, si solicitada dicha inclusión no se acompaña—ni se remite luego a su debido tiempo—el sello de rentas correspondiente, tal omisión pone al apelante en condiciones de que su apelación no esté perfeccionada al leerse el calendario y proceda su desestimación.

2. Cortes—Cortes de Distrito—Apelación de las Cortes Municipales—Inclusión del Caso en Calendario y Señalamiento para Vista—Omisión de Acompañar y Remitir los Derechos para Ello en Tiempo y Efecto.—Solicitada inclusión en calendario de un pleito apelado para ante la corte de distrito sin acompañar a dicha solicitud el sello de rentas correspondiente, el recibo de dicho sello después de desestimada la apelación no puede producir el efecto de tener por perfeccionado el recurso, y menos para dejar sin efecto la sentencia que desestimó la apelación.

Certiorari para revisar resolución de *Gabriel Castejón,* J. (Humacao), que reconsideró sentencia dictada en un caso dejando éste abierto para ulteriores procedimientos. *Anulada la resolución recurrida.*

A. L. *López,* abogado del peticionario.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

En una apelación procedente de una corte municipal el Secretario de la Corte de Distrito de Humacao comunicó al abogado del apelante el 21 de septiembre de 1925 que había recibido los autos de la apelación. El 17 de diciembre el abogado del apelante solicitó por escrito de dicho secretario que incluyera el pleito en el calendario pero esto no fué hecho porque no envió $5 en sellos de rentas internas de acuerdo con el arancel y así le fué comunicado por el secretario al abogado. El 23 de diciembre de 1925, en la cesión de la mañana de la corte de distrito y después de la tercera lectura del calendario, la corte desestimó la apelación por no haber incluído el apelante su pleito en el calendario, recibiéndose

ese día por la tarde por el secretario los $5 en sellos de rentas internas; y el 27 de mayo de 1926 la corte dejó sin efecto esa sentencia y abrió el caso para ulteriores procedimientos a petición del apelante por el fundamento de que el apelante no fué negligente en su apelación sino que tuvo un descuido en no enviar oportunamente el sello de rentas internas. Todo esto aparece de los autos de apelación obrantes en la corte de distrito y que se hallan ante nosotros en virtud del auto de *certiorari* que libramos a instancia del apelado.

[1, 2] La Ley No. 93 promulgada el 31 de marzo de 1919 como apéndice al tomo II de las Leyes de 1917, para enmendar y adicionar la ley para reglamentar apelaciones contra sentencias de las cortes municipales dispone en su sección tercera (*b*) que si el apelante dejare de solicitar la inclusión del pleito en el calendario el juez de distrito declarará desierto el recurso imponiéndole las costas y que el secretario remitirá inmediatamente la causa a la corte inferior para la ejecución de la sentencia apelada.

En el caso de *Marrero v. Muller*, 35 D.P.R. 370, dijimos lo siguiente:

"Hemos tenido cierta duda respecto a si las prescripciones de esta ley de 1917 eran enteramente mandatorias, y a la vez si no permitían alguna discreción a la corte de distrito, pero en conjunto estamos convencidos de que la idea de la Legislatura fué que la inclusión en el calendario era una de las gestiones necesarias por las cuales un apelante perfeccionaba su apelación. El apelante no duda de que es el deber de la corte desestimar una apelación si el caso en realidad no ha sido incluído por no hacer el apelante tal solicitud. Por la teoría de tal deber imperativo de parte del apelante él estaba obligado a actuar inmediatamente."

El apelante pudo en el caso presente haber evitado toda cuestión remitiendo a su debido tiempo el sello de rentas internas y su falta en hacerlo oportunamente lo puso en condiciones de que su apelación no estuviese perfeccionada y procediese su desestimación, sin que el acto posterior suyo pueda producir el efecto de tener por perfeccionada su ape-

lación después del tiempo requerido por la ley por lo que *debe ser anulada la resolución recurrida que dejó sin efecto la sentencia desestimando la apelación.*

El Juez Asociado Señor Hutchison disintió.