NATIONAL SURETY COMPANY, demandante y apelada, *v.* MARCIAL SUÁREZ Y SUÁREZ, demandado y apelante.

No. 5984.—*Sometido:* Junio 20, 1932. *Resuelto:* Julio 7, 1932.

740

*C. Coll y Cuchí,* abogado del apelante; *Besosa & Besosa,* abogados de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

La apelada solicitó la desestimación de este recurso fundada en que en la apelación entablada de la corte municipal para ante la de distrito la parte entonces apelante dejó de solicitar que su caso fuese incluído en el calendario. La apelada se fundaba en la supuesta ley de 25 de noviembre de 1917, promulgada el 31 de marzo de 1919 por el Secretario Ejecutivo de Puerto Rico a virtud de un fallo de este tribunal, como la Ley No. 93 de 1917. Sabíamos que la legislatura había aprobado una ley (No. 74, de mayo 4, 1931) justificando las actuaciones de los funcionarios del gobierno realizadas a virtud de alguna de las leyes puestas en vigor con motivo de la decisión en el caso de *El Municipio de Quebradillas* v. *Secretario Ejecutivo,* 27 D.P.R. 147. Igualmente teníamos algunas dudas respecto a si no había alguna regla que especificara el procedimiento a seguir ante las cortes de distrito. También abrigábamos la duda de si podía desestimarse el recurso por frívolo. Por tanto, ordenamos la celebración de una nueva vista a fin de dar a las partes la oportunidad de discutir estas dudas.

En la nueva vista la apelada virtualmente admitió que como dicha ley no había sido readoptada no podía considerársele en vigor, y ésa es nuestra conclusión, de conformidad con el caso de *Porto Rico Telephone Co.* v. *People of Porto Rico*, 47 Fed. (2d) 484. Es cierto que la Corte de Circuito de Apelaciones dijo en su opinión algo acerca de que la regla de *stare decisis* no estaba envuelta en dicho caso especial, mas esta regla no sería aplicable a una cuestión de procedimiento como la inclusión de casos en el calendario. La apelada no intentó demostrar ninguna regla equivalente de las cortes relativa a la inclusión de casos en el calendario.

▮ La apelada también solicitó la desestimación fundándose en la frivolidad del recurso. La National Surety Company trató de recobrar de Marcial Suárez varias primas de una fianza ascendente a $400. El demandado contestó alegando que él prestó esta fianza como administrador judicial y que en su consecuencia él no era responsable personalmente. La cuestión suscitada nunca fué resuelta por la corte de distrito toda vez que el caso fué desestimado por haber dejado el apelante de solicitar su inclusión en el calendario. Por consiguiente, la cuestión nunca fué resuelta por la Corte de Distrito de San Juan y nos creemos sin autoridad para considerar la cuestión de frivolidad a menos que la corte inferior haya intervenido primeramente. En tal caso esta corte tiene jurisdicción en apelación, no original.

*Debe declararse sin lugar la moción para desestimar.*