GUADALUPE GUERRA MARTE, demandante y apelada, *v.* CASTOR CARRIÓN, demandado y apelante.

No. 6780.—*Sometido:* Diciembre 3, 1934. *Resuelto:* Diciembre 14, 1934.

*L. Apellaniz Storer,* abogado del apelante; *Bolívar Pagán y L. Sánchez Vahamonde,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se solicita la desestimación del recurso interpuesto en este caso por frívolo.

De la transcripción aparece que entablada demanda por Guadalupe Guerra Marte contra Castor Carrión en la Corte

Municipal de Río Grande en cobro de pesos, se dictó sentencia el 12 de septiembre de 1933 en contra del demandado; que éste apeló para ante la Corte de Distrito de San Juan certificándose los autos dos días después; que el 29 del propio septiembre el demandado archivó en la corte del distrito una contestación enmendada y en 19 de junio de 1934 pidió que se incluyera como de récord otro abogado, y que así las cosas, el mismo día 19 de junio de 1934, la parte demandante y apelada presentó una moción pidiendo a la corte que desestimara la apelación interpuesta por no haberse solicitado la inclusión del pleito en el calendario ni la vista del mismo dentro del término de ley, moción que fué declarada con lugar por resolución de junio 28, 1934, contra la cual se interpuso el presente recurso de apelación. En su resolución la corte de distrito consigna que toma conocimiento judicial de haberse señalado el 10 de mayo de 1934 la audiencia del 18 del mismo mes para la lectura del calendario señalándose en la última fecha pleitos para su vista.

El 11 de mayo de 1934 (Leyes de 1934, pág. 295) se aprobó para regir inmediatamente la Ley No. 31 enmendando la ley sobre apelaciones contra sentencias de cortes municipales de 1908. Tal como quedó enmendada la sección 3 de la ley de 1908 (Comp. 5334), dice, en lo pertinente:

"Sección 3.—(a) El secretario de la corte de distrito anotará la causa en el registro de acciones civiles, notificándolo a las partes interesadas. El apelante deberá solicitar la inclusión del pleito en el calendario o lista de señalamientos civiles, en la primera lectura que del mismo haya de celebrarse subsiguientemente a la radicación del caso. . . . (b) Si el apelante dejase de solicitar la inclusión del pleito en el calendario, el juez de distrito declarará desierto el recurso imponiéndole las costas; y el secretario remitirá inmediatamente la causa a la corte inferior para la ejecución de la sentencia apelada." Leyes de 1934, pág. 295.

Con respecto a lo imperativo de la ley no hay cuestión. No lo discute siquiera la propia parte apelante. Lo que ésta sostiene para oponerse a la desestimación y para pedir la

revocación de la resolución apelada es que habiéndose interpuesto el recurso y radicado la transcripción en la corte de distrito desde septiembre de 1933 y no habiendo comenzado a regir la nueva ley hasta el 11 de mayo de 1934, no es aplicable a su caso que debe continuar tramitándose de acuerdo con la ley anterior.

No estamos conformes. Tratándose como se trata de una ley de procedimiento, era de inmediata aplicación no sólo a los pleitos que se iniciaran a partir de su vigencia si que también a los ya iniciados, especialmente cuando la tendencia de la enmienda era la de acelerar el procedimiento evitando así las dilaciones de la justicia y cuando el propio legislador dijo en la sección tercera de la misma: "Esta Ley, por ser de carácter urgente y necesario, empezará a regir inmediatamente después de su aprobación."

La práctica no era nueva. Había estado en vigor desde 1919 hasta 1932 en que a virtud de decisión judicial (*National Surety Co.* v. *Suárez*, 43 D.P.R. 739) fué suprimida, restableciéndose por la indicada Ley No. 31 de 1934.

La jurisprudencia sobre la materia es amplísima. Nos limitaremos a citar la parte de ella que consideramos más aplicable a este caso, que incluye decisiones de este propio tribunal, tomándola del resumen que de la misma hace Corpus Juris. Dice:

"Se reconoce una diferencia entre aquellos estatutos que afectan derechos substanciales y los que tan sólo afectan al procedimiento, siendo las cortes más liberales en la interpretación relativa a efecto retroactivo en los últimos que en los primeros. La regla general de que los estatutos serán interpretados tan sólo progresiva y no retrospectiva o retroactivamente, de ordinario no es aplicable a estatutos que afectan el remedio o procedimiento, o, conforme también se dice en otros términos, tal regla general está sujeta a una excepción cuando se trata de estatutos relativos a remedios o procedimientos. Si bien se ha dicho que puede darse efecto retroactivo a estatutos relacionados con el remedio o procedimiento, una enunciación más

exacta del principio es que, a menos que el estatuto lo prohiba expresamente, y en ausencia de disposiciones en sentido contrario, o a menos que al hacerlo así se viole alguna obligación contractual o algún derecho adquirido, los estatutos que afectan meramente el remedio o la ley procesal son aplicables posteriormente a las acciones, ora la acción surja antes o después de ser modificada la ley. La legislatura tiene pleno dominio sobre la forma, términos y manera de proseguir los litigios y cuando al considerar todo el estatuto relativo a estas cuestiones se desprenda que ha sido la intención legislativa darle efecto retroactivo, se le dará tal efecto. Sin embargo, no se dará necesariamente efecto retroactivo a tal estatuto, y, a menos que se exprese en el mismo que ha sido la intención que se dé al estatuto efecto retroactivo o que tal intención pueda ser inferida de las circunstancias, no se dará al estatuto tal efecto. Cuando, con visos de modificar el remedio, se crea un nuevo derecho u obligación o cuando la ley claramente expresa la intención de la legislatura de dar a los estatutos tan sólo un efecto progresivo, éstos no serán interpretados en el sentido de afectar los remedios y el procedimiento en causas de acción que surgieron antes de su adopción.

''La presunción que surge contra la interpretación retroactiva de los estatutos, como regla general no es aplicable a estatutos que se refieren meramente al remedio y a la forma de procedimiento.

''Ningún estatuto será interpretado en el sentido de dar al mismo efecto retroactivo de tal forma que afecte litigios pendientes, a menos que sea evidente una intención contraria, mediante declaración expresa o por necesaria deducción; pero a no ser que se exprese tal intención, un estatuto que provea, o que meramente afecte el remedio, podrá aplicarse y surtirá efecto contra causas de acción que ya habían surgido y que existían al tiempo de la aprobación del estatuto, así como también contra causas de acción que surjan más tarde, y también, a menos que se exprese una intención contraria, aquellos estatutos que no afectan la naturaleza del remedio, sino que se refieren solamente a detalles de procedimiento, son aplicables a todos los procedimientos seguidos en acciones pendientes desde el momento en que empiezan a regir. Un estatuto que activa los litigios o que evita demora en la administración de justicia debe aplicarse a los procedimientos pendientes.'' 59 C. J. 1173–1176, párrafos 700 y 701.

*Debe desestimarse el recurso.*