Cipriano Manrique, peticionario, *v.* La Corte de Distito de Humacao, Hon. R. Arjona Siaca, Juez, demandada.

No. 1037.—*Sometido:* Junio 3, 1935. *Resuelto:* Junio 7, 1935.

*Antonio L. López,* abogado del peticionario; la parte contraria no compareció.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Amparo Díaz inició un procedimiento de tercería de bienes muebles contra Cipriano Manrique y la sucesión de Ramón López Alvarado, compuesta de Josefa Alvarado y Consuelo Díaz. Presentó el demandado excepción previa contra la demanda de tercería, que fué declarada con lugar por la corte municipal y que culminó más tarde en una senten-

cia dictada por dicho tribunal desestimando la demanda sin especial condenación de costas. Contra esta sentencia estableció recurso de apelación la tercerista demandante. Esta apelación aparece radicada en la Corte de Distrito de Humacao en 13 de septiembre de 1934 y notificada a las partes por medio del correo en la misma fecha.

En 18 de febrero de 1935, radicó el demandado en la corte de distrito una moción solicitando la desestimación del recurso, entre otras razones, por no haber solicitado la apelante la inclusión de este caso en el calendario general de la corte a partir de la fecha en que fué radicada la apelación. La parte apelante, que fué notificada de esta moción, no formuló oposición alguna ni hizo acto de presencia en la vista de la misma, que tuvo lugar en 22 de abril de 1935. Negóse la corte de distrito a desestimar el recurso y ahora comparece Cipriano Manrique solicitando que se revise la resolución del tribunal inferior, entre otras razones, porque la Ley No. 31 de 1934 (pág. 293), para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles, impone al apelante la obligación de pedir la inclusión del pleito en el calendario o lista de señalamientos civiles, en la primera lectura que del mismo haya de celebrarse subsiguientemente a la radicación del caso, y porque siendo este precepto de carácter mandatorio, constituye un error revisable en un procedimiento de *certiorari*.

■■ El artículo 3º. de la ley citada dice, en lo pertinente, así:

"El secretario de la corte de distrito anotará la causa en el registro de acciones civiles, notificándolo a las partes interesadas. El apelante deberá solicitar la inclusión del pleito en el calendario o lista de señalamientos civiles, en la primera lectura que del mismo haya de celebrarse subsiguientemente a la radicación del caso . . . Si el apelante dejase de solicitar la inclusión del pleito en el calendario, el juez de distrito declarará desierto el recurso, imponiéndole las costas; y el secretario remitirá inmediatamente la causa a la corte inferior para la ejecución de la sentencia apelada."

Las disposiciones que anteceden son idénticas a las contenidas en el artículo tercero de la Ley No. 93, promulgada el 31 de marzo de 1919 como apéndice al tomo II de las Leyes de 1917. Interpretando las referidas disposiciones dijo esta corte en el caso de *Marrero Ríos* v. *Muller,* 35 D.P.R. 369, 370:

"Hemos tenido cierta duda respecto a si las prescripciones de esta ley de 1917 eran enteramente mandatorias, y a la vez si no permitían alguna discreción a la corte de distrito, pero en conjunto estamos convencidos de que la idea de la Legislatura fué que la inclusión en el calendario era una de las gestiones necesarias por las cuales un apelante perfeccionaba su apelación. El apelante no duda de que es el deber de la corte desestimar una apelación si el caso en realidad no ha sido incluído por no hacer el apelante tal solicitud. Por la teoría de tal deber imperativo de parte del apelante él estaba obligado a actuar inmediatamente. Él pudo haber evitado toda cuestión pidiendo al secretario que incluyera su caso en la primera lectura del calendario, o tomando alguna otra medida adecuada. Sentimos la necesidad que había para la actuación en este caso, pero parece ser cuestión de *lex scripta,* una determinación específica de la Legislatura."

Esta doctrina fué ratificada en el caso de *Morales* v. *Corte de Distrito,* 35 D.P.R. 909, y en el caso de *Guerra* v. *Carrión,* 47 D.P.R. 798, donde se dice que no hay cuestión con respecto a lo imperativo de la ley. La Legislatura de Puerto Rico teniendo conocimiento del criterio sostenido por este tribunal, incorporó en nuestra legislación en 1934 la misma ley de 1917, que no fué entonces debidamente aprobada según interpretación judicial.

No hay duda de que cuando el apelante permanece inactivo sin solicitar la inclusión del pleito en el calendario o lista de señalamientos, en su primera lectura, la apelación debe ser desestimada. Así lo entiende el peticionario, aunque llama nuestra atención a la práctica establecida en la Corte de Distrito de Humacao donde no hay lectura de calendario civil y los señalamientos para juicio se hacen en el despacho del juez, siendo luego notificados a las partes por

el secretario del tribunal. Alega el peticionario que para armonizar este procedimiento con lo dispuesto en la ley se dictó una regla, aprobada por el Procurador General, en 17 de octubre de 1934, que literalmente dice así:

"Las apelaciones contra sentencias en asuntos civiles procedentes de las cortes municipales de acuerdo con la ley aprobada en 11 de marzo de 1908 se señalarán dentro del calendario permanente, una vez que la parte apelante haya solicitado el señalamiento, lo que hará dentro del término de diez días después de la notificación que haga el secretario de la radicación del recurso. Si no se solicitare el señalamiento dentro del referido término de diez días, el secretario dará cuenta a la corte, la que declarará desierto el recurso de cuerdo con las disposiciones de la Ley No. 31 de 1934."

Hemos tenido algunas dudas acerca de la legalidad de esta regla que fija al apelante un término de diez días para solicitar la inclusión del caso en el calendario o lista de señalamientos, a contar de la fecha en que fué notificado de la radicación del recurso. La ley, sin embargo, se hizo para ser aplicada a todas las cortes de distrito y a todos los casos en que se apela de una sentencia dictada por una corte municipal. No es posible establecer excepciones; la letra de la ley expresa claramente el pensamiento del legislador y ninguna corte de distrito puede negarse a desestimar una apelación cuando el mandato del estatuto resulta incumplido. La Corte de Distrito de Humacao no puede quedar excluída de los efectos de este precepto mandatorio por el hecho de que el juez haga los señalamientos en su despacho en vez de hacerlos en audiencia pública. Los abogados y las partes saben que ésta es la práctica del tribunal y tienen el deber de desplegar la mayor diligencia posible en apelaciones procedentes de las cortes municipales, procurando solicitar el señalamiento del caso dentro de un tiempo razonable después que la parte apelante haya sido notificada de la radicación del recurso en la corte de apelación. El plazo fijado por la regla de la Corte de Distrito de Humacao para solicitar la inclusión de un pleito en el calendario o lista de se-

ñalamientos civiles, puede ajustarse o no a los preceptos del estatuto. Lo que no admite duda es la demora excesiva de la apelante en este caso para solicitar dicha inclusión. El hecho de que no haya lectura de calendario en Humacao no es óbice para que se pida la inclusión del pleito en la primera lista de señalamientos civiles subsiguiente a la radicación del mismo. Como ya hemos dicho, la apelación fué radicada en la Corte de Distrito de Humacao en 13 de septiembre de 1934 y cuando, en 18 de febrero de 1935, la parte apelada radicó en la referida corte su moción solicitando la desestimación del recurso, la apelante no había pedido aún que el caso fuese incluído en la lista de señalamientos civiles, a pesar de haber transcurrido más de cinco meses desde la fecha en que fué notificada de la radicación de la apelación.

*La resolución de la corte inferior debe ser anulada, y dictarse otra en su lugar declarando desestimado el recurso.*