MODESTO COBIÁN RIVERA, demandante y apelado, *v.* MANUEL ESPINA, demandado y apelante.

Núm. 7320.—*Sometido:* Junio 1, 1936. *Resuelto:* Junio 4, 1936.

*J. J. Fuertes,* abogado del apelante; *Lloréns Torres & O'Neill,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se apela de una sentencia de una corte de distrito pronunciada en febrero 26, 1936, y notificada el 28, declarando desierto un recurso de apelación interpuesto para ante ella contra sentencia de una corte municipal dictada en un pleito civil sobre cobro de dinero y de una resolución de la dicha corte de distrito de abril 2, 1936, notificada el 6 negándose a reconsiderar su sentencia.

La apelación se interpuso el 15 de abril de 1936 y la parte apelada solicita su desestimación por haberse establecido fuera de término y por ser frívola.

La cuestión sobre interrupción del término para apelar a virtud de moción de reconsideración, está siendo considerada nuevamente por este tribunal en otro caso que está pendiente de resolución. Quizá debería esperarse para seguir en éste la línea definitiva que en aquél se trace. Pero como se ha alegado también el motivo de frivolidad para pedir la desestimación y la frivolidad es manifiesta, prescindiremos de considerar y resolver si el recurso se entabló o no en tiempo y lo desestimaremos por falta de méritos.

La sentencia recurrida es como sigue:

"La transcripción de autos en este caso fué radicada en 20 de noviembre de 1935 y el mismo día el secretario notificó a las partes. Posteriormente se celebraron lecturas de calendario general en diciembre 15, 1935, enero 15, y febrero 15, 1936, de acuerdo con el reglamento del tribunal. El demandado y apelante no ha solicitado la inclusión del pleito en el calendario o lista de señalamientos civiles para vista en ninguno de dichos calendarios, posteriores a la radicación de la transcripción de autos.

"POR TANTO, vista la Sec. 3 (*a*) de la Ley sobre Apelaciones contra Sentencias de las Cortes Municipales en pleitos civiles, enmen-

dada por Ley núm. 31 de 1934, se declara con lugar la moción del demandante y desierto el recurso de apelación por el demandado contra la sentencia de la Corte Municipal de San Juan, Sección 2, de 31 de octubre de 1936, con las costas al demandado. El secretario comunicará esta sentencia a la corte inferior, a los fines procedentes.''

Y la ley aplicada ordena:

''El secretario de la corte de distrito anotará la causa en el registro de acciones civiles, notificándolo a las partes interesadas. El apelante deberá solicitar la inclusión del pleito en el calendario o lista de señalamientos civiles, en la primera lectura que del mismo haya de celebrarse subsiguientemente a la radicación del caso. . . . Si el apelante dejase de solicitar la inclusión del pleito en el calendario, el juez de distrito declarará desierto el recurso, imponiéndole las costas; y el secretario remitirá inmediatamente la causa a la corte inferior para la ejecución de la sentencia apelada.'' Art. 3º. de la Ley núm. 31 de 1934, p. 293.

Esa ley ha sido interpretada por esta corte en varias ocasiones. Transcribimos del caso de *Manrique* v. *Corte,* 48 D.P.R. 619:

''Las disposiciones que anteceden son idénticas a las contenidas en el artículo tercero de la Ley núm. 93, promulgada el 31 de marzo de 1919 como apéndice al tomo II de las Leyes de 1917. Interpretando las referidas disposiciones dijo esta corte en el caso de *Marrero Ríos* v. *Muller,* 35 D.P.R. 369, 370:

'' 'Hemos tenido cierta duda respecto a si las prescripciones de esta ley de 1917 eran enteramente mandatorias, y a la vez si no permitían alguna discreción a la corte de distrito, pero en conjunto estamos convencidos de que la idea de la Legislatura fué que la inclusión en el calendario era una de las gestiones necesarias por las cuales un apelante perfeccionaba su apelación. El apelante no duda de que es el deber de la corte desestimar una apelación si el caso en realidad no ha sido incluído por no hacer el apelante tal solicitud. Por la teoría de tal deber imperativo de parte del apelante él estaba obligado a actuar inmediatamente. El pudo haber evitado toda cuestión pidiendo al secretario que incluyera su caso en la primera lectura del calendario, o tomando alguna otra medida adecuada. Sentimos la necesidad que había para la actuación en

este caso, pero parece ser cuestión de *lex scripta,* una determinación específica de la legislatura.'

"Esta doctrina fué ratificada en el caso de *Morales* v. *Corte de Distrito,* 35 D.P.R. 909, y en el caso de *Guerra* v. *Carrión,* 47 D.P.R. 798, donde se dice que no hay cuestión con respecto a lo imperativo de la ley. La Legislatura de Puerto Rico teniendo conocimiento del criterio sostenido por este tribunal, incorporó en nuestra legislación en 1934 la misma ley de 1917, que no fué entonces debidamente aprobada según interpretación judicial.

"... No es posible establecer excepciones; la letra de la ley expresa claramente el pensamiento del legislador y ninguna corte de distrito puede negarse a desestimar una apelación cuando el mandato del estatuto resulta incumplido." Págs. 621, 622.

El fundamento alegado para la reconsideración fué la enfermedad del abogado de la parte apelante. La Corte de Distrito lo estimó insuficiente. Y no vemos motivo justificado alguno para alterar su conclusión.

*Deben desestimarse por frívolos los recursos de apelación interpuestos.*

El Juez Asociado Señor Córdova Dávila no intervino.