A. S. Aloe & Co., demandante y apelada, *v.* Dámaso Talavera, demandado y apelante.

Núm. 8146.—*Sometido:* Marzo 4, 1940. *Resuelto:* Marzo 5, 1940.

*Gaspar Gerena Bras,* abogado del apelante; *Alfonso Miranda Esteve,* abogado de la apelada.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

A. S. Aloe & Co. demandó a Dámaso Talavera en la Corte Municipal de Utuado y obtuvo sentencia a su favor por $319.67 y costas.

Apeló el demandado para ante la Corte de Distrito de Arecibo y como radicados los autos no solicitara la inclusión del asunto en el calendario, la demandante apelada pidió la desestimación del recurso que fué decretada por la corte por resolución de febrero 12, 1940.

Notificado de la resolución el demandado apelante en la corte de distrito, recurrió para ante esta Corte Suprema, y notificada del recurso la demandante apelada en la corte sentenciadora, solicitó su desestimación por causa de frivolidad, por moción de febrero 21 último vista el 4 de marzo actual.

El apelante se opuso por escrito a la desestimación porque "estando en trámite la transcripción de autos y evidencia" no estaba este tribunal "en condiciones de poder determinar con vista de los autos si en realidad es frívola o no dicha apelación puesto que hay importantes cuestiones jurisdiccionales que no podrá . . . determinar sin un estudio detenido de los autos." No especifica cuáles son las "importantes cuestiones jurisdiccionales" a que se refiere. Faltó en comparecer a la vista de la moción.

La frivolidad es evidente. La resolución apelada copiada a la letra dice:

"Llamado este caso para la moción solicitando se desestime la apelación, a cuya vista sólo compareció la promovente, y apareciendo de los autos y de la declaración del Secretario que los autos de este caso fueron radicados en esta Corte en apelación, el 25 de septiembre de 1939 y que la parte apelada no solicitó que se incluyera en el calendario civil de diciembre, por tanto, de conformidad con la ley reglamentando las apelaciones en casos civiles de las cortes municipales a la corte de distrito, se desestima la apelación del caso, según lo solicita la parte apelada."

Y este propio tribunal, en el caso de *Manrique* v. *Corte*, 48 D.P.R. 619, interpretando y aplicando la ley que rige sobre la materia—Ley núm. 31 de 1939 (pág. 293) sec. 3—basándose en la jurisprudencia establecida en el de *Marrero Ríos* v. *Muller*, 35 D.P.R. 369, ratificada en los de *Morales* v. *Corte*, 35 D.P.R. 909 y *Guerra* v. *Carrión*, 47 D.P.R. 798, dijo y resolvió, copiando del resumen:

"Radicados en la corte de distrito los autos de un caso procedente de la corte municipal, si el apelante permanece inactivo sin solicitar la inclusión del pleito en el calendario o lista de señalamientos, en su primera lectura, la apelación debe ser desestimada."

"La sección tercera de la Ley Núm. 31 de 1934 (pág. 293), en tanto en cuanto dispone la desestimación de apelaciones procedentes de las cortes municipales cuando los apelantes dejan de solicitar en la corte de distrito la inclusión de los pleitos en el calendario o lista de señalamientos, en su primera lectura, es de carácter mandatorio. El hecho de que el juez haga los señalamientos en su despacho en vez de hacerlos en audiencia pública, no puede dejar sin efecto ese precepto mandatorio de la ley."

*En tal virtud debe declararse con lugar la moción y en su consecuencia desestimarse el recurso.*