938

Juan R. Rodríguez, demandante y apelado, *v.* Banco Popular de Puerto Rico, en su carácter de Liquidador del Banco Territorial y Agrícola de Puerto Rico, demandado y apelante.

Luis M. Vela, demandante y apelado, *v.* Banco Popular de Puerto Rico, en su carácter de Liquidador del Banco Territorial y Agrícola de Puerto Rico, demandado y apelante.

Núms. 8276 y 8277.—*Sometidos:* Enero 27, 1941. *Resueltos:* Enero 31, 1941.

*Monserrat, De la Haba & Monserrat y Rafael Baragaño,* abogados del apelante; *G. Benítez Gautier y Jorge Benítez Gautier,* abogados del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Como estos recursos envuelven la misma cuestión y fueron argumentados el mismo día por los mismos abogados, serán estudiados en una sola opinión que servirá de base a las resoluciones finales que en los mismos se dicten.

De los autos resulta que Juan R. Rodríguez y Luis M. Vela demandaron ante la Corte Municipal de San Juan al Banco Popular de Puerto Rico en su carácter de liquidador del Banco Territorial y Agrícola en reclamación de quinientos dólares cada uno por concepto de cierto derecho de hogar seguro.

Seguidos los pleitos por todos sus trámites fueron resueltos por sentencias de 4 de mayo de 1940 declarando las demandas con lugar. El 15 del propio mes de mayo, 1940, apeló de las sentencias el Banco demandado, certificando los records los abogados de ambas partes el treinta y uno. A las certificaciones siguen excepciones previas formuladas por el demandado con fecha junio 8, 1940, y mociones sobre señalamiento dirigidas al secretario de la corte fechadas en agosto 20, 1940, pidiéndole que señalara la vista de las mociones en el calendario especial "de la próxima semana."

Así las cosas, en agosto 23, 1940, los demandantes apelados pidieron a la corte del distrito la desestimación de los recursos porque la parte apelante no había hecho gestión alguna para señalar sus casos en el calendario del 15 de agosto de 1940, y sometida la cuestión a la corte ésta declaró desiertos los recursos por resoluciones de septiembre 19, 1940, contra las cuales estableció el banco demandado apelante las presentes apelaciones para ante este tribunal, cuya desestimación solicitan los apelados por causa de frivolidad. Sobre las mociones de desestimación por frivolidad fueron oídas ambas partes por sus abogados por este tribunal en su sesión del 27 de este mes de enero.

Los fundamentos de las resoluciones apeladas fueron los mismos, como sigue:

"El demandante solicita la desestimación de esta apelación, procedente de la Corte Municipal de San Juan. Aparece que el récord se radicó en esta corte el día 3 de junio de 1940, y que el demandado apelante no solicitó la inclusión del caso en el primer calendario subsiguiente, o sea, el de agosto 15 de 1940. También

aparece que en junio 8 el demandado apelante radicó una excepción previa, y en agosto 20 solicitó la inclusión de dicha excepción previa en el calendario especial.

"La ley exige la desestimación de apelaciones de cortes municipales si el apelante no solicita la inclusión del caso en la primera lectura del calendario subsiguiente a la radicación del caso. Es un deber imperativo de la corte, de acuerdo con el estatuto, el desestimar la apelación cuando el apelante no toma la medida indicada. *Manrique* v. *Corte*, 48 D.P.R. 619. En el caso de autos el apelante no la tomó. Insiste, sin embargo, en que fué suficiente su solicitud de señalamiento de la excepción previa en el calendario especial. Si dicha solicitud se hubiese hecho antes de agosto 15, 1940, (fecha de la lectura del calendario general) quizás tendría merito la contención del apelante. Mas la solicitud de señalamiento de la excepción previa en el calendario especial fué hecha después de agosto 15, 1940, o sea, después de haber surgido el deber imperativo de esta corte de desestimar la apelación y después de haber vencido el término que tenía el apelante para dar el último paso esencial para la perfección de su apelación. No era necesario que la corte dispusiera de la excepción previa radicada por el apelante antes de señalarse el caso para su vista, ya que la ley que reglamenta las apelaciones de esta índole dispone que en la vista del caso en apelación puede considerarse entre otras cosas, una excepción previa.

"Las gestiones del apelante con posterioridad a la lectura del calendario en agosto 15, demuestran diligencia, y de tratarse de un asunto discrecional la corte se inclinaría a dejar en pie el recurso. No obstante, tratándose de un precepto imperativo, según la constante jurisprudencia de esta jurisdicción, no es posible establecer excepciones, y la corte no puede negarse a desestimar la apelación cuando como en este caso el mandato del estatuto resulta incumplido. *Manrique* v. *Corte*, supra.

"Por los fundamentos expuestos, se declara con lugar la moción del demandante, y en su consecuencia desierto el recurso, imponiéndose al demandado el pago de las costas."

Examinadas las resoluciones apeladas a la luz de los hechos, de la ley y de la jurisprudencia, las encontramos bien fundadas. La frivolidad de los recursos es, pues, aparente.

Después de la decisión del caso de *Manrique* v. *Corte*, 48 D.P.R. 619, en que funda sus resoluciones la corte senten-

ciadora, esta Corte Suprema decidió en el caso de *Cobián* v. *Espina*, 50 D.P.R. 185, tomando del resumen, lo que sigue:

"Cuando radicados los autos de un caso procedente de la corte municipal en la de distrito, el apelante deja de solicitar la inclusión del pleito en la primera lectura del calendario o lista de señalamientos, el recurso interpuesto debe desestimarse."

"Siendo el deber de la corte de distrito desestimar una apelación procedente de la corte municipal cuando, radicados los autos, el apelante deja de solicitar la inclusión del pleito en la primera lectura del calendario o lista de señalamientos, un recurso contra sentencia declarando por tal motivo desierta la apelación debe desestimarse por frívolo."

Y a iguales conclusiones llegó en el de *A. S. Aloe & Co.* v. *Talavera*, 56 D.P.R. 198.

Recientemente, en *Alvarez* v. *Corte*, decidido en noviembre último, 57 D.P.R. 644, se confirmó una resolución de la corte de distrito negándose a desestimar un recurso procedente de una corte municipal por estimarse que había existido un cumplimiento sustancial del estatuto al pagarse por el apelante los derechos de calendario y pedirse, antes de su lectura, que el caso fuera señalado para una fecha anterior a la que le hubiera correspondido de haberse incluído en el calendario subsiguiente a la radicación del caso, pero aquí no hubo ese cumplimiento sustancial, no siendo en tal virtud la jurisprudencia aplicable.

El apelante no impugnó por escrito las mociones de desestimación pero lo hizo oralmente en la vista de las mismas. Además había ya radicado sus alegatos, iguales en ambos casos. Sostiene que usando la ley la palabra "subsiguiente" y no la palabra "siguiente", la inclusión que se está obligado a pedir no lo es en el calendario que siga inmediatamente a la radicación de los autos en la corte de distrito, sino en aquél que sigue al siguiente. No estamos conformes.

La ley dice: ". . . El apelante deberá solicitar la inclusión del pleito en el calendario o lista de señalamientos

civiles, en la primera lectura que del mismo haya de celebrarse subsiguientemente a la radicación del caso. . . ."
Sec. 3, Ley 31 de mayo 11, 1934 (pág. 293, 295). Y subsiguiente, p. a. de subseguirse, qüiere decir que se subsigue, seguirse una cosa a otra inmediatamente. Diccionario Enciclopédico de la Lengua Castellana por Elías Zerolo, Miguel de Toro y Emiliano Isaza, París, 1895, pág. 810. Y el calendario que subsiguió a la fecha de la radicación de los casos en la corte del distrito—junio 3, 1940—fué el que le siguió inmediatamente—agosto 15, 1940—como decidió la corte sentenciadora, y no el que siguió inmediatamente al primero—septiembre 2, 1940—como pretende la parte apelante.

*Las mociones deben declararse con lugar, desestimándose en su consecuencia, por frívolas, ambas apelaciones.*