FRANCISCA SALLABERRY, demandante y apelante, *v.* DOMINGO MUNDO RODRÍGUEZ, demandado y apelado.

Núm. 8205.—*Sometido:* Abril 1, 1941.  *Resuelto:* Abril 3, 1941.

M. *Guzmán Texidor,* abogado de la apelante; *Luis F. Camacho,* abogado del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

La cuestión a resolver en este caso es la de si hubo o no un cumplimiento substancial de la ley núm. 31 de 1934, sección 3, páginas 293, 295.

Se trata de un pleito sobre daños y perjuicios iniciado en la Corte Municipal de Salinas. Dictada sentencia en contra de la demandante ésta apeló para ante la Corte de Distrito de Guayama radicando los autos el 2 de octubre, 1939. El 13 de diciembre siguiente el demandado y apelado pidió que se desestimara el recurso porque la apelante no había pedido la inclusión del pleito en la primera lectura del calendario subsiguiente a la fecha de la radicación que tuvo lugar el once de dicho mes.

Así las cosas, el 18 del propio diciembre, mientras se procedía a la segunda lectura del dicho calendario y al señalamiento de casos para juicio, la apelante radicó una moción para que su pleito fuera incluído en el mismo, acompañando los derechos correspondientes, o sea, cinco dólares en un sello de rentas internas. Se opuso el apelado porque la inclusión no se había pedido al verificarse la primera lectura y porque ya por tal motivo había pedido por escrito que el recurso fuera desestimado. Oyó la corte a ambas partes y al día siguiente declaró sin lugar la inclusión y con lugar la desestimación.

En su resolución expresó el juez que de la evidencia constaba "que en la lista de pleitos listos para juicio preparada de antemano por el secretario a los efectos del primer llamamiento aparecía incluído el caso por dicho funcionario." Puso énfasis en lo claro del precepto legislativo que ordena que "el apelante deberá solicitar la inclusión del pleito en el calendario o lista de señalamientos en la primera lectura que del mismo haya de celebrarse subsiguientemente a la radicación del caso", y que "si el apelante dejase de solicitar la inclusión del pleito en el calendario, el juez de distrito declarará desierto el recurso, imponiéndole las costas;

y el secretario remitirá inmediatamente la causa a la corte inferior para la ejecución de la sentencia apelada'', y se preguntó: ''¿Quedó el apelante relevado del cumplimiento de este deber por razón de que su caso apareciera incluído en la lista provisional preparada por el secretario?'', respondiendo:

''Entendemos que no por las siguientes razones: porque la lista de pleitos que prepara el secretario para ser leída al principio de cada término civil de la corte, de acuerdo con el artículo 200 del Código de Enjuiciamiento Civil de Puerto Rico y la Regla 1 de las cortes de distrito en casos civiles, incluye todos los pleitos que aparezcan listos para juicio, háyase o no solicitado su inclusión en dicha lista por las partes, de manera que se pueda dar cumplimiento a lo que disponen las Reglas 2 y 3 en el sentido de hacer dos llamamientos de calendarios: uno preliminar para averiguar el carácter y la condición de los pleitos anotados en la lista preparada por el secretario y el otro para preparar para juicio los pleitos y hacer la corte los señalamientos correspondientes (Regla 2), así como ordenar el sobreseimiento y archivo de todas aquellas acciones o procedimientos pendientes en los cuales no se hubiere hecho progreso alguno por un período mayor de un año, debido a la negligencia de las partes (Regla 3); porque de acuerdo con la Ley (núm. 17) de marzo 11 de 1915 (pág. 45), regulando el cobro de derechos y costas en casos civiles, la parte que tenga interés en que su caso sea visto tiene que pagar $5 por la actuación del secretario de incluirlo en el calendario y señalarlo para juicio y por consiguiente la actuación del secretario consistente en anotar en la lista provisional todos los pleitos que estén listos para juicio no equivale a su inclusión en el calendario de la corte; porque la anotación de este caso en la lista de pleitos de esta corte no impedía que el apelante cumpliera con el deber que le impone la sección 3ª. antes mencionada de la Ley reglamentando las apelaciones contra sentencias de las cortes municipales en pleitos civiles; porque para que se entienda perfeccionada una apelación civil procedente de una corte municipal, el apelante tiene que cumplir con el deber que le impone dicha ley de solicitar la inclusión de su caso en la primera lectura que se haga del calendario o lista de señalamientos civiles de la corte de distrito y porque no habiéndose satisfecho los derechos de calendario el día 11 de diciembre de 1939, fecha en que se hizo el primer llamamiento del calendario o lista de señalamientos de esta corte correspondientes al tér-

mino de enero y febrero, la actuación del secretario anotando este caso en dicha lista no equivalía a su inclusión en el calendario de esta corte.''

La jurisprudencia interpretativa de la ley de que se trata es también clara y abundante. Véanse los casos de *Marrero* v. *Muller,* 35 D.P.R. 369; *Morales Ramos & Co.* v. *Corte de Distrito,* 35 D.P.R. 909; *Guerra* v. *Carrión,* 47 D.P.R. 798; *Manrique* v. *Corte,* 48 D.P.R. 619; *Cobián* v. *Espina,* 50 D.P.R. 185; *Schwab* v. *Corte,* 55 D.P.R. 208; *A. S. Aloe & Co.* v. *Talavera,* 56 D.P.R. 198; *Alvarez* v. *Corte,* 57 D.P.R. 644, y *Rodríguez* v. *Banco Popular,* 57 D.P.R. 938.

No hay duda de que la apelante no cumplió estrictamente con el estatuto. Ella misma lo admite, pero sostiene que su actuación constituye un cumplimiento substancial de la ley y por tanto que la corte no debió desestimar su apelación.

Conocemos los razonamientos de la corte sentenciadora. Son de peso en verdad, pero nos parece que de acuerdo con la jurisprudencia establecida en uno de los casos que acabamos de citar, el de *Alvarez* v. *Corte,* que no estaba decidido cuando la corte de distrito dictó la resolución apelada, puede concluirse que la apelante al actuar en la forma en que lo hizo cumplió substancialmente con la ley y que su caso en vez de desestimarse pudo y debió haberse señalado para juicio en la segunda lectura del calendario.

Fijemos el alcance de la decisión de *Alvarez* v. *Corte,* supra. El apelante para ante la corte del distrito no solicitó que su caso fuese incluído en el calendario subsiguiente a su radicación como ordena la ley y el apelado instó la desestimación del recurso, pero como de los autos resultara que con anterioridad a la fecha de la lectura de dicho calendario el apelante había pedido el señalamiento de la vista para una fecha anterior a la que de cualquier modo le hubiese correspondido de haberse incluído el caso en el calendario y había satisfecho los derechos correspondientes, esta corte diferenció el caso del de *Marrero* v. *Muller,* 35 D.P.R. 369 que se invocaba para pedir la desestimación y decidió que

habiéndose cumplido sustancïalmente con el estatuto, la corte sentenciadora había actuado derechamente al negarse a desestimar la apelación. Y dijo:

"El propósito del legislador al insertar la sección 3 a en la ley que regula las apelaciones contra sentencias de las cortes municipales, no fué otro que obligar al apelante a proseguir su apelación con la debida diligencia, evitando así, que careciendo éste de interés en el resultado del recurso, no solicite inclusión en el calendario y obligue al apelado a pagar por él los derechos de la apelación para poder llevar el caso adelante. No es el propósito de dicho precepto legal restringir el recurso de apelación, sino por el contrario acelerarlo, y aunque aceptamos que la sección 3 a es de carácter imperativo, sostenemos que el requisito de incluir el caso en el calendario no es de naturaleza jurisdiccional, . . . ." *Alvarez* v. *Corte,* 57 D.P.R. 644, 647.

Y entre los casos citados también se encuentra el de *Schwab* v. *Corte,* en el que si bien se sostuvo que procedía la desestimación por falta del debido cumplimiento de la ley, en el curso de la opinión se dijo:

"El apelante, aun el mismo día que se leía o se iba a leer el calendario, es decir, el 23 de junio de 1938, hubiera tenido tiempo de solicitar se incluyera el caso en el mismo. La inclusión del caso en el calendario hubiera acelerado la resolución de la moción para desestimar presentada por los apelados. La misma ley indica esto. El apelante no hace caer su caso dentro de ninguna excepción." *Schwab* v. *Corte,* 55 D.P.R. 208, 210.

El curso aconsejado fué seguido aquí por la apelante. Ésta actuó cuando aun los fines de rapidez en que la ley se inspira podían cumplirse. Bien o mal es lo cierto que en la lista preparada por el secretario de la corte de distrito figuraba el pleito. La primera lectura del calendario se celebró el once de diciembre, la desestimación se pidió el trece y el diez y ocho, al celebrarse la segunda lectura, la apelante hizo lo que debió haber hecho el once o sea siete días antes. Todavía el calendario, el mismo calendario subsiguiente a la fecha de la radicación, estaba abierto. Era en su segunda lectura, en la del diez y ocho, en la que se seña-

laban las vistas y no en la primera, de suerte que si el juez hubiera accedido a la petición de la apelante, la vista pudo haberse señalado lo mismo que si se hubiera pedido la inclusión del caso formalmente siete días antes en la primera lectura.

Siendo ésas las circunstancias que concurren, *la resolución apelada debe revocarse, y el caso devolverse a la corte de distrito para ulteriores procedimientos de acuerdo con la ley.*