FEDERICO F. BASORA, demandante y apelante, *v.* MANUEL PADILLA, demandado; BERRÍOS HERMANOS, interventora y apelada.

Núm. 8661.—*Sometido:* Febrero 8, 1943. *Resuelto:* Febrero 23, 1943.

*Ubaldo Aponte,* abogado del apelante; *Rafael Dávila Ortiz,* abogado de la interventora y apelada; *Faustino R. Aponte,* abogado del demandado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La Corte de Distrito de Humacao desestimó la apelación establecida por el demandante en este caso contra la sentencia que había dictado la Corte Municipal de Yabucoa, por el motivo de no haberse radicado la transcripción de autos dentro de los veinte días después de radicado el escrito de apelación ya que consideró nula una prórroga concedida por la corte municipal.

El demandante apeló para ante esta Corte Suprema de dicha resolución y ahora la interventora solicita desestimemos el recurso alegando que la resolución de la corte inferior no es apelable de acuerdo con lo resuelto en los casos de *Marxuach* v. *Aguilar,* 20 D.P.R. 157; *Negrón* v. *Mudafor,* 47 D.P.R. 207 y *Fernández* v. *Arroyo,* 55 D.P.R. 997. El

apelante se ha opuesto a la desestimación arguyendo que a pesar de que en dichos casos se dijo que una resolución de una corte de distrito desestimando una apelación procedente de una corte municipal no era apelable para ante esta corte, en los casos de *Rodríguez* v. *Banco Popular,* 57 D.P.R. 938 y *Sallaberry* v. *Mundo,* 58 D.P.R. 401, esta Corte entró a considerar los recursos contra resoluciones de las cortes de distrito desestimando las apelaciones por no haber el apelante solicitado el señalamiento del caso para vista en la corte inferior. Como además de estos casos citados por el apelante, en el de *Alsina y Morales* v. *Matos,* 15 D.P.R. 183, esta corte resolvió expresamente lo contrario a lo resuelto en los de *Marxuach* v. *Aguilar* y *Negrón* v. *Mudafor,* supra, parece conveniente revisar de nuevo la cuestión y establecer la pauta definitiva que debe prevalecer en estos casos.

El artículo 295, inciso 2 del Código de Enjuiciamiento Civil es el aplicable y dispone que:

"Podrá establecerse apelación para ante el Tribunal Supremo...
"1. . . . . . . . .
"2. De una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior, dentro de los quince días después de registrada dicha sentencia, si el valor de la cosa reclamada o cuantía de la sentencia sin comprender frutos o intereses, excediera de trescientos dólares."

Ya antes, en el artículo 188 del mismo Código, el legislador había definido una sentencia como "la decisión definitiva sobre los derechos de las partes en un pleito o procedimiento". Con respecto a lo que constituye una "decisión definitiva", California Jurisprudence nos ofrece un guía para determinar lo que efectivamente cae dentro de dicha clasificación. Dice el comentarista en 2 Cal. Jur. 137, sección 18:

"...La fórmula general aplicable al determinar si una sentencia es final o interlocutoria, desde luego, es aquella en que si alguna otra cuestión posterior es esencial en la naturaleza judicial de la acción por parte de la corte para determinar los derechos de las partes, la sentencia es solamente interlocutoria. Pero si después que la sentencia

haya sido dictada otras cuestiones posteriores no pueden ser presentadas a la corte, con excepción de aquellas que sea necesario determinar para que la sentencia surta efecto, la misma es final.''

Aplicando esta regla resolvió la Corte Suprema de California en *Zoller* v. *McDonald,* 23 Cal. 136, que una resolución de una Corte del Condado desestimando una apelación de un juzgado de paz constituía una sentencia final, de la cual podía apelarse para ante la Corte Suprema. Dijo la corte por voz del Juez Crocker:

''La resolución de la Corte del Condado desestimando la apelación es la decisión final y solución de la corte en el caso ante ella, que pone fin al litigio; y por lo tanto dicha resolución es, para todos los fines y propósitos, una sentencia sujeta a la revisión de esta Corte. No importa la forma en que se le ponga fin al pleito, si realmente constituye la actuación final de la corte, es suficiente. (*Belt* v. *Davis,* 1 Cal. 135).''

Desde 1863 rige esa doctrina en California, no habiendo sido revocada en ningún momento.

A igual conclusión han llegado la Corte Suprema de Arkansas en *City of Batesville* v. *Ball,* 140 S. W. 712, 714; la Corte de Apelaciones Civiles de Texas, en *Ezéll* v. *Knapp & Elliott,* 40 S. W. (2d) 1110; la Corte Suprema de Illinois, en *Thomas* v. *John O:Brien Lumber Co.,* 56 N. E. 1113, y la Corte Suprema de New Mexico, en *Oskins* v. *Miller,* 263 Pac. 766. En New York, hay una pequeña variación cuando se trata de una acción contenciosa, y es que la resolución desestimando la apelación no es por sí suficiente, sino que tiene que dictarse una sentencia formal a base de esa resolución para entonces apelar al tribunal superior. Véase el caso de *Stevens* v. *Central National Bank of Boston,* (N. Y.) 56 N. E. 628. Sin embargo, en el caso de un procedimiento especial, se puede apelar directamente de la resolución desestimando la apelación. En el caso de *In re Courthouse in City of New York,* 111 N. E. 65, se trataba de un procedimiento de expropiación y se dijo por la Corte de Apelaciones de New York, con respecto a una apelación entablada contra la decisión del

Appellate Division desestimando una apelación del fallo de la Corte Suprema aprobando la cuantía de la compensación concedida al propietario:

"El ilustrado abogado del apelado pone en tela de juicio nuestra jurisdicción para revisar la resolución desestimando la apelación. Soy de opinión que tenemos jurisdicción. Al negarse a oír en apelación, la Sala de Apelaciones (Appellate Division) virtualmente le dió carácter de definitiva a la orden de aprobación. El efecto sobre los derechos del apelante fué el mismo que hubiera tenido una confirmación sobre los méritos. Si ésta hubiera sido una acción en vez de un procedimiento especial, la práctica correcta hubiera sido pedir que se dictara sentencia a base de dicha orden. *Stevens* v. *Central National Bank of Boston,* 162 N. Y. 253, 256, 56 N. E. 628. Un procedimiento especial, sin embargo, termina corrientemente en una orden final, y esta orden tiene todos los elementos de finalidad. El caso citado constituye autoridad en apoyo de la teoría de que las cortes inferiores no pueden privar a esta corte de jurisdicción desestimando una apelación y dejando en vigor una sentencia u orden final en contra de la parte que reclama haber sido agraviada. 'En muchos casos esto tendría el mismo efecto sobre los derechos de las partes, que una confirmación.' "

En el caso de *Alsina,* supra, esta corte, por voz del Juez Asociado Sr. Figueras resolvió lo siguiente:

"Es indudable que la resolución de la Corte de Distrito de Ponce que lleva fecha 15 de diciembre de 1908 es apelable para ante esta Corte Suprema porque ella por su naturaleza tiene el carácter de definitiva toda vez que, rechazando de plano la apelación que ante la Corte Municipal de Ponce se había interpuesto, pone término al pleito promovido. Cae, pues, de lleno dentro del número 1º del artículo 295 del Código de Enjuiciamiento Civil que nos rige y aceptándolo así entramos a considerar los demás puntos que se presentan."

La alusión que se hace al inciso 1º del artículo 295 del Código es un error pues el aplicable es el inciso 2º ya que el primero trata de las apelaciones contra sentencias dictadas en pleitos originados en las cortes de distrito.

Aún cuando el caso de *Alsina* nunca ha sido expresamente revocado, de hecho se resolvió lo contrario en el caso de *Marxuach* v. *Aguilar,* supra, al decirse lo siguiente:

"Las resoluciones que dictan las cortes desestimando un recurso de apelación por haber dejado de cumplir el apelante determinados requisitos para que pueda ser oída, no son verdaderas sentencias, aunque como tales se registren y aunque producen el efecto de dejar firme la sentencia apelada, porque no resuelven los méritos del pleito y se limitan a negarse a oír y decidir el recurso. *Harrington* v. *Holler,* 111 U. S., 796 y *Wenar* v. *Jones,* 217 U. S., 593; aplicados por nosotros en el caso de *Cautiño* v. *Muñoz,* que resolvimos en noviembre 11 de 1913. Por consiguiente esas resoluciones no están comprendidas entre las sentencias a que se refiere el número 2 del artículo 295 del Código de Enjuiciamiento Civil tal como quedó enmendado en el año 1905."

Por la autoridad de este caso, a la misma conclusión se llegó en los de *Negrón* v. *Mudafor* y *Fernández* v. *Arroyo,* supra. El razonamiento usado por la Corte Suprema Federal en el caso de *Harrington* v. *Holler,* supra, fué el siguiente:

"Una resolución de la Corte Suprema del territorio de Washington desestimando un auto de error dirigido a una corte de distrito, por no haber radicado el peticionario la transcripción de autos y por no haber incluído su caso en calendario dentro del término exigido por ley, no constituye una sentencia o decisión final dentro del significado de dichos términos tal como se usan en las secciones 702 y 1911 de los estatutos revisados, que regulan los autos de error y apelaciones a ésta, procedentes de la Corte Suprema del Territorio."

Ahora bien, en una serie de casos: *Guerra* v. *Carrión,* 47 D.P.R. 798; *Cobián* v. *Espina,* 50 D.P.R. 185; *A. S. Aloe & Co.* v. *Talavera,* 56 D.P.R. 198; *Rodríguez* v. *Banco Popular,* 57 D.P.R. 938, 940, y *Sallaberry* v. *Mundo,* 58 D.P.R. 401, 404, entre otros, esta Corte Suprema ha entrado a considerar y resolver apelaciones sobre resoluciones de las cortes de distrito desestimando recursos procedentes de cortes municipales por no haber el apelante cumplido con la sección 3 de la Ley para Reglamentar las Apelaciones contra Sentencias de las Cortes Municipales en Pleitos Civiles, de 1908 (Comp. 5332–5337), según quedó enmendada por la Ley 31 de 1934 (pág. 293), en cuanto al deber que se impone al ape-

lante de ·"solicitar la inclusión del pleito en el calendario o lista de señalamientos civiles en la primera lectura que del mismo haya de celebrarse subsiguientemente a la radicación del caso". En algunos se desestimó el recurso, no porque no fuera apelable la resolución de la corte inferior, sino por considerarse frívolo, mientras que en el de *Sallaberry* v. *Mundo,* supra, se revocó la resolución y se devolvió el caso para ulteriores procedimientos.

Realmente no vemos la razón para establecer reglas distintas en estos casos. Tanto el dejar de radicar los autos en la corte inferior dentro del término de veinte días que establece la sección 1 de la ley de 1908 como el dejar de solicitar la inclusión del caso en calendario en su primera lectura que provee la sección 3 de la misma ley son cuestiones de procedimiento cuyo cumplimiento se impone a la parte que apele para ante la corte de distrito de una sentencia dictada por la corte municipal. Tanto el incumplimiento de uno como de otro de dichos requisitos conlleva las mismas consecuencias: la desestimación del recurso por la corte de distrito. Las resoluciones que a dicho efecto se dictan son finales y aún cuando ninguna de ellas va a los méritos del caso, a todos los efectos legales ponen término a la controversia y resuelven los derechos de las partes. El hecho de que se le titule resolución y no sentencia es un mero tecnicismo y, citando una vez más al Juez Cardozo diremos que: "La ley ha salido ya de su primitiva etapa de formalismo cuando la palabra precisa era el talismán soberano y cualquier desviación era fatal." Lo mismo puede cometer error la corte de distrito al desestimar cualquiera de estas apelaciones a virtud de una resolución que de una sentencia y de hecho resolvimos en el caso de *Sallaberry* v. *Mundo,* supra, que lo cometió al interpretar la sección 3 de la ley, supra. Es cierto que en los casos de *Alvarez* v. *Corte,* 57 D.P.R. 644 y *Schwab* v. *Corte,* 55 D.P.R. 208 se utilizó el remedio de

*certiorari* para revisar la misma cuestión, pero en ninguno de los casos en que se utilizó el recurso de apelación se desestimó por no ser el remedio apropiado.

Somos de opinión que la doctrina establecida en los casos de *Marxuach* v. *Aguilar, Negrón* v. *Mudafor* y *Fernández* v. *Arroyo,* supra, debe considerarse revocada y que debemos resolver que la resolución dictada por la corte inferior es apelable, siguiendo la regla establecida por la Corte Suprema de California, y por esta corte en el caso de *Alsina,* supra, y *en su consecuencia que la moción sobre desestimación debe declararse sin lugar.*